## CLAWSON v. UNITED STATES.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

Argued January 5, 1885.—Decided January 19, 1885.

A territorial statute which authorizes an appeal by a defendant in a criminal action from a final judgment of conviction ; which provides that an appeal shall stay execution upon filing with the clerk a certificate of a judge that in his opinion there is probable cause for the appeal ; and further provides that after conviction a defendant who has appealed may be admitted to bail as of right when the judgment is for the payment of a fine only, and as matter of discretion in other cases ; does not confer upon a defendant convicted and sentenced to pay a fine and be imprisoned, the right, after appeal and filing of certificate of probable cause, to be admitted to bail except within the discretion of the court.

The appellant, having been found guilty by a jury in the District Court for the Third Judicial District of Utah, of the crimes of polygamy and unlawful cohabitation, charged in separate counts of the same indictment, was sentenced, on the conviction for polygamy, to pay a fine of $500, and to be imprisoned for the term of three years and six months; and, on the conviction for unlawful cohabitation, to pay a fine of $300, and be imprisoned six months.    From the whole of the judgment an appeal was taken to the Supreme Court of the Territory, and the judge before whom the trial was had gave a certificate that, in his opinion there was probable cause thereof.    The appeal was perfected and the certificate was filed in the proper office.

The defendant, thereupon, applied to the court in which he was sentenced, to be let to bail pending his appeal.   The application was denied, the order reciting that " the court being of the opinion that the defendant ought not to be admitted to bail, after conviction and sentence, unless some extraordinary reason therefor is shown, and there being no sufficient reason shown in this case, it is ordered that the motion and application for bail be, and the same is hereby, denied, and the defendant be remanded to the custody of the United States marshal."   The accused then sued out an original writ of habeas corpus from

the Supreme Court of the Territory.   In his petition therefor he stated that he was then imprisoned and in the actual custody of the United States marshal for the Territory at the penitentiary in the county of Salt Lake.   He, also, averred that, upon the denial of bail by the court in which he was tried, "he was remanded to the custody of said United States marshal, who from thenceforth has imprisoned and still imprisons him" under said order of commitment, which "is the sole and only cause and authority " for his " detention and imprisonment;" that " his said imprisonment is illegal " in that " he has been and is able and now offers to give bail pending his appeal in such sum as the court may reasonably determine;" and that, "as a matter of right, and in the sound exercise of a legal discretion, the petitioner is entitled to bail pending the hearing and determination of said appeal."

The Supreme Court of the Territory overruled the application for bail, and remanded the petitioner to the custody of the marshal.   From that order the present appeal was prosecuted.

The statutes of Utah regulating bail are printed in the margin.*

---

* Laws of Utah, 1878, Title VIII.

SEC. 358. Either party in a criminal action, may appeal to the Supreme Court on questions of law alone, as prescribed in this chapter.

SEC. 360. An appeal may be taken by the defendant :

1. From a final judgment of conviction ;

2. From an order denying a motion for a new trial ;

3. From an order made after judgment, affecting the substantial rights of the party.

SEC. 362. An appeal from a judgment must be taken within one year after its rendition, and from an order within sixty days after it is made.

SEC. 363. An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party.

SEC. 366. An appeal to the Supreme Court from a judgment of conviction stays the execution of the judgment, upon filing with the clerk of the court in which the conviction was had, a certificate of the judge of such court, or of a justice of the Supreme Court, that in his opinion there is probably cause for the appeal, but not otherwise.

*Mr. Wayne McVeigh* and *Mr. F. S. Richards*, for appellant. —The facts present a case novel and grave. They show a departure from an unbroken course of judicial proceeding. They are a substantial denial of a right of appeal. If this construction of the statute is correct, a defendant, appealing, may nevertheless be compelled to serve out his term of punishment, and the right of appeal thus become a delusion. It is submitted that the court below was mistaken in its construction of the act. It is clear there was nothing in the alleged offence which precludes admission to bail. The statute did not make it a felony. Without such statutory declaration it was only a misdemeanor. The American doctrine is that bail shall be allowed generally if it secures the appearance of the defendant. This applies to misdemeanors (for the penalty can be so fixed as to guard against escape), and to bail after conviction pending appeal (for till final conviction the prisoner is not known to be guilty). The grounds for admitting to bail before conviction were, the nature of the offence, and the probability of guilt. After conviction they are, under the statute of Utah, the nature of the offence, the penalty, and the probability of the defendant's appearance. The offence, in Utah, may fairly be regarded as less heinous than the same offence committed elsewhere. We contend that the question for the court to consider in such cases is whether the appearance of the prisoner can be secured, to a reasonable certainty, by bail, and that the nature of the offence, the penalty, the standing of the party, and all the circumstances attending the case and party should be considered. In this case the appellant was on bail from the time of his arrest till the time of his sentence—a period of many months, and it was not alleged that he made any attempt to escape, either before or after conviction ; nor can it be pretended that any other person charged with or convicted of a like offence and on bail in Utah ever attempted to escape. The appellant offered to give bail in any sum the court might

SEC. 388. After conviction of an offence not punishable with death, a defendant who has appealed may be admitted to bail : 1. As a matter of right when the appeal is from a judgment imposing a fine only. 2. As a matter of discretion in all other cases.

fix, and there can be no reasonable doubt that his appearance could be thus secured. The condition of things in Utah, and probably other Territories, requires a liberal construction of the law relating to bail. As in offences against the United States the penitentiary is the only prison over which the United States marshal has any jurisdiction, and as the appellant is not and could not under the law be sentenced to labor, he is subjected by detention now to the same punishment and in the same place, as if held under and in execution of the sentence. If the judgment is finally affirmed he will be practically subjected to double punishment, because his case cannot be heard on its merits in this court for several months, and might not be heard for several years, and no part of his imprisonment pending the appeal need be credited on the term for which he was sentenced. Bail has been allowed in Utah, pending an appeal ever since the organization of the Territory, in all but capital cases, following the practice in New York and California. *Ex parte Hoge*, 48 Cal. 3; *People* v. *Folmsbee*, 60 Barb. 480. The Supreme Court of Utah treated this case as an attempt to review the action of the District Court. The real question before it was whether in its own judgment the appellant should be admitted to bail. It assumed that the district judge had exercised a discretion. No such exercise took place. The court held that appellant must remain in custody unless he could show some extraordinary reason for admission to bail. It is true that this construction of the statute finds support in *Ex parte Marks*, 49 Cal. 680, and *Ex parte Smallman*, 54 Cal. 35; but it is erroneous. The Utah statute is borrowed from California and the California statute from New York. As to the construction of the New York act, see *People* v. *Folmsbee*, cited above.

*Mr. Solicitor-General* for appellee.

Mr. Justice HARLAN delivered the opinion of the court. He recited the facts as above stated, and continued:

By the laws of Utah regulating the mode of procedure in criminal cases, it is provided, among other things, that the de-

fendant in a criminal action may appeal to the Supreme Court of the Territory, from any order made after judgment, affecting his substantial rights. Laws of Utah, 1878, Title VIII., ch. 1, § 360. To that class belonged the order made by the court of original jurisdiction refusing bail, and remanding the accused to the custody of the marshal. But no appeal was taken from that order. And as the accused sued out an original writ of habeas corpus from the Supreme Court of the Territory, we cannot, upon the present appeal, consider whether the court of original jurisdiction properly interpreted the local statutes in holding that the accused " ought not to be admitted to bail, after conviction and sentence, unless some extraordinary reason therefor is shown." There is nothing before us for review except the order of the Supreme Court of the Territory, which discloses nothing more than the denial of the application to it for bail, and the remanding of the prisoner to the custody of the marshal. That order, in connection with the petition for habeas corpus—assuming all of the allegations of fact contained in it to be true—only raises the question, whether, under the laws of the Territory, the accused, upon perfecting his appeal and filing the required certificate of probable cause, was entitled, as matter of right, and without further showing, to be let to bail, pending his appeal from the judgment of conviction. Upon the part of the government it is insisted that the court below had, by the statute, a discretion in the premises which, upon appeal, will not be reviewed.

By the laws of the Territory it is provided that " an appeal to the Supreme Court from a judgment of conviction stays the execution of the judgment upon filing with the clerk of the court in which the conviction was had a certificate of the judge of such court, or of a justice of the Supreme Court, that in his opinion there is probably cause for appeal, but not otherwise ; " also, that if this certificate is filed, " the sheriff must, if the defendant be in his custody, upon being served with a copy thereof, keep the defendant in his custody without executing the judgment, and detain him to abide the judgment on appeal." Laws of Utah, 1878, p. 138. Upon the subject of bail, the same laws provide that " a defendant charged with an offence

punishable with death cannot be admitted to bail when the proof of his guilt is evident or the presumption thereof great;" also, that "if the charge is for any other offence, he may be admitted to bail before conviction as a matter of right;" further, that "after conviction of an offence not punishable with death, a defendant who has appealed may be admitted to bail: 1, as a matter of right when the appeal is from a judgment imposing a fine only; 2, as a matter of discretion in all other cases;" still further, that "in the cases on which the defendant may be admitted to bail upon an appeal, the order admitting him to bail may be made by any magistrate having the power to issue a writ of habeas corpus." Ib. pp. 142, 146.

These statutory provisions so clearly indicate the legislative intent that no room is left for interpretation. As the judgment did not impose upon the appellant a fine only, his admission to bail, pending the appeal from that judgment, was not a matter of right, but was distinctly committed, by the statute, to the discretion of the court or judge to whom the application for bail may be made. The exercise of that discretion is not expressly nor by necessary implication forbidden in cases in which the certificate of probable cause is granted; for, by the statute, that certificate only operated to suspend the execution of the judgment of conviction, requiring the officer having the accused in charge to retain him in his own custody to abide the judgment on appeal. We do not mean to say that the granting of such a certificate is not a fact entitled to weight in the determination of an application for bail, but only that the statute does not make it so far conclusive of the question of bail as to prevent the court from considering every circumstance which should fairly and reasonably control or affect its discretion. Whether the Supreme Court of the Territory abused its discretion in the present case is a question not presented by the record before us; for, it does not contain any finding of facts, nor the evidence (if there was any apart from the record of the trial, and of the proceedings upon the first application for bail) upon which the court below acted. Its judgment denying bail cannot, therefore, be reversed, unless, as contended by appellant, the certificate of probable cause

necessarily carried with it the right to bail, and deprived the court of all discretion in the premises. But that construction of the statute is not, we think, admissible.

At the argument, counsel for appellant laid stress upon the fact, averred in the last petition for habeas corpus, that the order committing him to the custody of the marshal had been executed by confining him at the penitentiary. The return of the officer is that the accused is in his custody under and by virtue of the order of commitment. It is not claimed that he is treated as a convict in the penitentiary undergoing the sentence pronounced in pursuance of the judgment appealed from, but only that the officer uses that institution as a place for the confinement of the accused while the latter is in his custody. Whether that action of the officer be legal is a question that does not now arise; for, the application to the Supreme Court of the Territory for habeas corpus only raised the question of the right of the accused to be discharged, on bail, from all custody whatever; and the present appeal is from the order, in that court, refusing such discharge, and remanding him to the custody of the marshal.

There is no error in the record, and the judgment is

*Affirmed.*

MR. JUSTICE MILLER and MR. JUSTICE FIELD dissented.