[No. 373.    On rehearing, July 31, 1891.]

GEORGE L. BROOKS, PLAINTIFF IN ERROR, v. THE UNITED STATES OF AMERICA, DEFEND-ANTS IN ERROR.

CRIMINAL LAW— APPEAL— RECOGNIZANCE— STAY OF SENTENCE—SECS. 2469–2472, COMP. LAWS, 1884—ACT. JANY. 17, 1862.—Sections 2469–2472, Complied Laws, providing for appeals and stay of execution in criminal cases; and that, if the prisoner's appeal is from a judgment where the sentence is not death or imprisonment for life, he may be admitted to bail upon a recognizance conditioned that he will appear in the supreme court at the next term thereof and abide its judgment, are not repealed by the act of January 17, 1862 (secs. 2482, 2483, Comp. Laws, 1884) which provides for appeal in cases of conviction for murder where the sentence is death or imprisonment for one or more years, and that the appellant shall be entitled to a suspension of the sentence by filing a bond in such sum as may be fixed by the court. These provisions of the statute were all reenacted in the revision of 1865, are not inharmonious, and must be construed as all in force. Gallegos v. Pino, 1 N. M. 410; In re Watts, Id. 541; Chavez v. Perea, 3 N. M. (Gil.) 99.

ERROR to the Second Judicial District Court. Judg-
ment below for the United States, reversed. Motion
for rehearing. Motion overruled.

The opinion states the case on the rehearing.

NEILL B. FIELD for plaintiff in error.

EUGENE A. FISKE, United States district attorney,
for defendants in error.

LEE, J.—The United States attorney moves for a
rehearing in this case on the grounds alleged that the
court has overlooked the distinction between a recog-
nizance and statutory bail bond; and that the laws
compiled as sections 2470, 2471, and 2472 of the
Compiled Laws, by which provision is made for a
recognizance upon criminal appeals in certain cases,
have been impliedly repealed by "an act relative to
appeals in criminal cases," approved January 17, 1862,
and compiled as sections 2482 and 2483 of the Compiled
Laws, which, among other things, provide that in cer-
tain cases of criminal appeals "the party taking the
appeal shall be entitled to a suspension (stay of execu-
tion of the sentence) by filing a bond in a sum to be
fixed by the court," etc.; the contention apparently
being that the "bond" so provided for is not a recog-
nizance, and does not need to be forfeited as a condi-
tion precedent to a suit upon it, and, further, that the
instrument in question here must be deemed merely
a "bond" taken pursuant to such statutory authority.

In our view of this case, it is not necessary for us
now to determine whether or not the bail bond intended
RECOGNIZANCE: by the statutory provision just cited is of
stay of sentences: the nature of a recognizance; for we are of
secs. 2469-2472:
Comp. Laws. the opinion that the recognizance upon
which the the judgment below proceeded was not taken
under that provision. Under sections 2469–2472 of the

Compiled Laws, if then unrepealed, the convict Lapham was entitled to his appeal, and to the exercise of the discretion of the district court upon the question of awarding him a stay of execution. He applied to that court for such stay, and it was granted pursuant to the provisions now compiled as section 2470.

In addition to such application for a stay, he applied to be admitted to bail under the provisions now compiled as section 2472, which reads as follows: "In all cases where an appeal is prosecuted from a judgment in a criminal case, except where the defendant is under sentence of death or imprisonment for life, the court, which is authorized to order a stay of proceedings under the preceding provision, may admit the defendant to bail upon a recognizance, with sufficient sureties, to be approved by the court, conditioned that the defendant shall appear in the supreme court at the next term thereof to receive the judgment on the appeal, and abide its decision, render himself in execution, and obey every order and judgment which may be made in the premises." The recognizance in question so closely conforms to these statutory requirements that it must have been framed upon the theory that it had not been repealed. Still, it must be admitted the phraseology of the recognizance, no matter whence derived, might be sufficient if employed in a bail bond or supersedeas bond executed under the provisions of section 2483, assuming the appellee to be correct in the contention that those provisions have supplanted the earlier law. But what ground is there for such a contention? The act of 1862, most of which is compiled in sections 2482 and 2483, reads as follows: "Section 1. That in future, in all cases of conviction for murder either in the first or any other degree, it shall be, and it is hereby made, the duty of the judge before whom such conviction be had to grant an appeal to the supreme court of the territory; pro-

Act January 17, 1862.

vided, that the party asking said appeal shall make affidavit as now required by law. Section 2. Be it further enacted, that all such appeals shall have the effect of a stay of execution of the sentence of the court until the decision of the supreme court upon said appeal; and whenever the sentence of the district court shall be that of death, or imprisonment for one or more years, the party convicted shall remain in close confinement until the decision of the supreme court shall be pronounced upon the appeal; and in all cases of appeals the party taking the appeal shall be entitled to a suspension (prohibicion de la ejecucion) of the sentence by filing a bond in the sum to be fixed by the court, sufficient to secure the due execution of the sentence of the court in case the judgment of the court below should be affirmed by the supreme court.'' This act, although entitled, ''An act relative to appeals in criminal cases,'' does not, in our opinion, operate upon any cases whatever except such as involve the crime of murder. At the time of its passage, and until several years after the compilation of 1884, there were five degrees of homicide in this territory; and upon conviction of that crime in the fifth degree the jury was authorized to assess the punishment at a period of imprisonment of not more than ten years nor less than one year, or at a fine not exceeding $10,000, etc. The imprisonment for homicide, then, could not be less than the period of one year. The act under consideration provides, expressly and exclusively, in its first section, for appeals in murder cases. The next section provides for a stay of execution as of course in all murder cases so appealed; but as to convicted murderers sentenced to death, or to imprisonment for one or more years,— that is, to death, or imprisonment for any term, as it could not be for less than one year,— it provides that the convict shall remain in close confinement during the pendency of the appeal. The act, however, was

intended to be complete in relation to all convictions for murder; and hence in the latter clause of the second section it refers to the only remaining class of convicts for murder, namely, those sentenced, not to death or imprisonment, but merely to pay a pecuniary fine. Manifestly, a good appeal bond, with sufficient security, would be "sufficient" to secure the execution of a mere pecuniary judgment. See Clawson v. U. S., 113 U. S. 143. Any other construction would deprive the district court of the wise discretion conferred by the older law, and give to every felon convicted of any felony, however atrocious, provided it be other than homicide, and no matter how long the term of imprisonment fixed by his sentence, an absolute right to his liberty upon his taking an appeal and giving a bond. Our position in this regard is strengthened by the fact that all the statutory provisions which we have above considered were reenacted in the Revision of 1865, and hence must be construed as all existent, if it is possible to construe them harmoniously. Gallegos v. Pino, 1 N. M. 410; In re Watts, Id. 541; Chaves v. Perea, 3 N. M. (Gil.) 99. The motion for a rehearing will be overruled.

O'BRIEN, C. J., and SEEDS, McFIE, and FREEMAN, J J., concur.