EL PUEBLO, DEMANDANTE Y APELADO, *v.* BARRIOS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por homicidio voluntario.

Solicitud del apelante para que se le fije fianza para obtener su libertad mientras se sustancia y decide el recurso.

No. 896.—Resuelto en noviembre 5, 1915.

SUSPENSIÓN DE LA EJECUCIÓN DE LA SENTENCIA—CONDENAS DE MUERTE Y PRISIÓN—DISTINCIÓN ENTRE AMBAS CONDENAS.—Una vez puesta en vigor la sección 4 de la ley para enmendar ciertos artículos del Código de Enjuiciamiento Criminal, aprobada en 12 de marzo de 1903, (Leyes de 1903, p. 46) cuya sección tomó el lugar de la 353 del mismo código, desapareció la distinción que existía entre las condenas de muerte y prisión a los efectos de la suspensión de la ejecución de la sentencia en casos en que se apele al Tribunal Supremo.

ID.—EFECTOS DE LA SUSPENSIÓN.—De acuerdo con la ley vigente un acusado que es condenado a presidio y apela tiene derecho a que no se le sujete a las reglas que se aplican a los que cumplen sus condenas en la penitenciaría, y a que, si permanece privado de su libertad, se le retenga en las mismas condiciones en que se encontraba antes de su convicción.

FIANZA—ADMISIÓN DE FIANZA COMO CUESTIÓN DE DERECHO—IDEM COMO CUESTIÓN DISCRECIONAL.—De conformidad con las reglas establecidas desde un principio por el Código de Enjuiciamiento Criminal, puede admitirse fianza a un convicto que apela; como cuestión de derecho, cuando la apelación sea contra una sentencia que lo condena al pago de multa solamente, y como cuestión sujeta al arbitrio del tribunal, en todos los demás casos.

ID.—SOLICITUD PARA QUE SE ADMITA FIANZA PENDIENTE UNA APELACIÓN—A QUIÉN DEBE PRESENTARSE LA SOLICITUD.—Aun cuando una solicitud para que se admita fianza al acusado pendiente la apelación, puede presentarse al tribunal sentenciador o a la Corte Suprema, la buena práctica exige que lo sea primeramente a la corte sentenciadora que naturalmente se encuentra en mejores condiciones que ninguna otra para el ejercicio de su discreción en la apreciación de las circunstancias concurrentes en cada caso.

ID.—BUENA CAUSA PARA LA APELACIÓN—DISCRECIÓN DEL TRIBUNAL.—El hecho de que pueda existir una buena causa para la apelación no es motivo por sí solo bastante para que la discreción del tribunal deba ejercitarse necesariamente en el sentido de resolver de modo favorable la petición del apelante en cuanto a la fianza.

ID.—ABUSO DE DISCRECIÓN.—Cuando el apelante en una solicitud para que se le admita fianza pendiente la apelación, no demuestra que la corte de distrito abusara de su discreción al negarse a fijar tal fianza, su petición debe ser denegada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

Se trata de la resolución de una solicitud del apelante para que se fije una fianza que le permita obtener su libertad mientras se sustancia y decide el recurso interpuesto por el mismo.

Dicho apelante fué acusado como autor de un delito de asesinato en segundo grado y condenado luego a sufrir la pena dé siete años de presidio con trabajos forzados como autor de un delito de homicidio voluntario necesariamente comprendido en el de asesinato en segundo grado. Apeló de la sentencia, y ya archivada la transcripción en la Secretaría de esta Corte Suprema, presentó un escrito solicitando que esta corte decretara, bajo fianza, su libertad provisional. Oído el Fiscal y vistos el artículo 374 del Código de Enjuiciamiento Criminal y el caso de *El Pueblo* v. *Perdue*, 48 Cal., 552, la corte negó la solicitud, sin perjuicio de que pudiera

presentarla ante el juez sentenciador. Así lo hizo y su petición fué también denegada por el juez sentenciador.

El apelante se dirige ahora de nuevo a esta Corte Suprema insistiendo en que se decrete su libertad provisional bajo fianza, alegando como razones para ello la negativa del juez sentenciador y el hecho de que la transcripción demuestra que la defensa planteada en el recurso no está desprovista de fundamento, según las constancias del récord.

Con excepción de la variedad introducida por la sección 4 de la ley para enmendar ciertos artículos del Código de Enjuiciamiento Criminal, aprobada el 12 de marzo de 1903, Leyes de Puerto Rico de 1903, pág. 46, las disposiciones vigentes en Puerto Rico sobre la materia son iguales a las de los Estados de California y Utah, interpretadas por las decisiones que más adelante citaremos.

Dicha sección 4 tomó el lugar de la 353 del Código de Enjuiciamiento Criminal vigente en Puerto Rico desde el año de 1902. Con arreglo a la sección 353 "una apelación para ante la Corte Suprema en contra de una sentencia condenatoria, suspende la ejecución del fallo en todos los casos que aparejen la pena de muerte, y en todos los demás casos, al presentarse al secretario del tribunal sentenciador una certificación del juez de dicho tribunal o de un magistrado de la Corte Suprema, manifestando que en su opinión existen causas probables para la apelación; pero nunca en ningún otro caso." Y de acuerdo con la sección 4 de la ley de 1903 arriba indicada "una apelación para ante la Corte Suprema, de una sentencia condenatoria, suspende la ejecución de la misma."

No existe, pues, en la actualidad en Puerto Rico, la distinción anteriormente establecida entre las condenas de muerte y prisión, a los efectos de la suspensión de la ejecución de la sentencia en casos en que se apela al Tribunal Supremo.

Pero esta variedad introducida no afecta a los principios que regulan la libertad provisional, bajo fianza, del condenado, pendiente la apelación.

De acuerdo con la ley vigente, un acusado que es condenado a presidio, por ejemplo, y apela, tiene derecho a que no se le sujete a las reglas que se aplican a los que cumplen sus condenas en la penitenciaría, y a que, si permanece privado de su libertad, se le retenga en las mismas condiciones en que se encontraba antes de su convicción. Pero, para obtener su libertad provisional, está sujeto hoy, como antes, a las reglas establecidas desde un principio por el Código de Enjuiciamiento Criminal.

Dichas reglas determinan que puede admitirse fianza a un convicto que apela, como cuestión de derecho, cuando la apelación sea contra una sentencia que lo condena al pago de multa solamente, y como cuestión sujeta al arbitrio del tribunal, en todos los demás casos. Artículo 374, Código de Enjuiciamiento Criminal. En éste el convicto fué condenado a siete años de presidio y es, por lo tanto, discrecional la admisión de la fianza.

En el caso de *Clawson* v. *United States,* 113 U. S., 143, 148, la Corte Suprema de los Estados Unidos, interpretando preceptos de ley del entonces Territorio de Utah sobre la materia, iguales a los que están hoy en vigor en Puerto Rico, dijo:

"Estas disposiciones estatutorias indican tan claramente la intención del legislador, que no cabe ni siquiera interpretarlas. Como por la sentencia no se impuso al apelante una multa solamente, la admisión de la fianza, pendiente la apelación, no era una cuestión de derecho, sino que estaba distintamente sometida por el estatuto a la discreción de la corte o juez ante quien se presentó la solicitud."

La solicitud puede presentarse al tribunal sentenciador o a la Corte Suprema, Art. 388 del Código de Enjuiciamiento Criminal, pero la buena práctica exige que lo sea primero a la corte sentenciadora que naturalmente se encuentra en mejores condiciones que ninguna otra para el ejercicio de su discreción en la apreciación de las circunstancias concurrentes en cada caso. Así lo decidió este mismo tribunal en este mismo caso de *El Pueblo* v. *Barrios,* 22 D. P. R. 857

basándose en la decisión de la Corte Suprema de California en el caso de *El Pueblo* v. *Perdue,* 48 Cal., 552, decisión que luego fué sostenida y aplicada por la misma corte en los casos de *El Pueblo* v. *January,* 70 Cal., 34, y *Ex parte Turner,* 112 Cal., 627.

Como hemos dicho, el apelante acudió a la corte sentenciadora y la corte negó su solicitud, limitándose en su nueva petición a alegar este hecho y a expresar como fundamento de la misma el de que la defensa planteada en la apelación no está desprovista de fundaménto, según las constancias del récord.

El hecho de que pueda existir una buena causa para la apelación no es por sí solo bastante para que la discreción del tribunal deba ejercitarse necesariamente en el sentido de resolver de modo favorable la petición del apelante en cuanto a la fianza. Véase el caso de *Clawson* v. *United States, supra,* y siendo esto así, no es posible llegar a otra conclusión que no sea la de que el apelante no ha demostrado que la corte de distrito abusara de su discreción al negarse a fijar la fianza, único caso en que estaría justificada esta Corte Suprema en adoptar una resolución contraria a la tomada por la corte sentenciadora.

En *Ex parte Turner, supra,* se alegó que se había establecido una apelación y se había expedido por el juez sentenciador un certificado de causa probable para la misma, y además, que el apelante se encontraba tan mal de salud que su vida estaba en peligro de continuar en prisión, y la Corte Suprema de California se expresó así:

"La discreción conferida en casos de esta clase la tiene en primer término la corte que conoció de la causa o el juez de la misma, *People* v. *Perdue,* 48 Cal., 552; *People* v. *January,* 70 Cal., 34; y su resolución no será modificada o pasada por alto a menos que constituya un abuso manifiesto. Este caso no revela tal abuso de discreción. No existe nada que demuestre la concurrencia de semejante circunstancia extraordinaria que justifique el resolver que la solicitud fué denegada indebidamente por el juez de la corte inferior. La prueba no muestra que haya tal riesgo de que las consecuencias sean per-

judiciales a la vida o salud del acusado que claramente haga necesaria su salida de la cárcel en este momento.  Si más adelante se presentaren consecuencias más serias con motivo de su detención de tal modo que fuere necesario conceder la fianza, no hay nada que impida la presentación de otra solicitud con tal objeto.  Dicha solicitud, sin embargo, siempre debe hacerse en primera instancia, de ser posible, al juez ante el cual fué juzgado el acusado.  *Ex parte January, supra.''  Ex parte Turner,* 112 Cal., 629.

Debe negarse la solicitud.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no intervino.