## BROWDER v. UNITED STATES.
### No. 12346.

Circuit Court of Appeals, Fifth Circuit.
June 10, 1948.

Louis A. Sabatino, of Miami, Fla., for appellant.

J. Saxton Daniel, U. S. Atty., and T. Reuben Burnside, Asst. U. S. Atty., both of Savannah, Ga., for appellee.

Before SIBLEY and LEE, Circuit Judges, and CHRISTENBERRY, District Judge.

CHRISTENBERRY, District Judge.

The appellant was convicted by a jury for conspiring to steal government property. He filed a Motion for New Trial, and on order of the District Court was released on bond in the sum of Ten Thousand Dollars pending final disposition of the case.

On motion of the United States Attorney, setting forth that there was no substantial question to be determined by the Appellate Court and that appellant had continued to engage in activities in violation of the statutes of the United States, after full hearing, the District Court revoked its order granting bail and remanded appellant to the custody of the United States Marshal without benefit of bail.

Appellant appeals from the order of the District Court revoking bail and petitions for an order admitting appellant to bail pending this appeal.

■■ The order of the District Court revoking bail pending disposition of the Motion for New Trial is not a final decision of the District Court, but is merely interlocutory.

With certain exceptions, this Court has appellate jurisdiction to review by appeal final decisions only, and not interlocutory orders. 28 U.S.C.A. § 225. An order revoking bail pending disposition of a motion for new trial is not one of those interlocutory orders over which this Court is given appellate jurisdiction.

With respect to the right of a convicted person to be admitted to bail, Rule 38(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, provides for application to this Court or to a judge of this Court for bail pending appeal, and Rule 46(a) (2) of the Federal Rules of Criminal Procedure provides that bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. The rule provides further that bail may be allowed by the trial judge or by the appellate court or by any judge thereof or by the circuit justice, and that the court or the judge or justice allowing bail may at any time revoke the order admitting the defendant to bail.

■ Both of these rules clearly have reference to appeals from convictions which have become final decisions insofar as the district court is concerned, and not to appeals from interlocutory orders of the District Court.

■ Until such time as the Motion for New Trial has been disposed of, the question of bail is one within the sound discretion of the District Court.

In the case of Clawson v. United States, 113 U.S. 143, 5 S.Ct. 393, 394, 28 L.Ed.

957, the defendant in a criminal case, after conviction, applied to the trial court for bail pending appeal and his application was denied. The law of the Territory of Utah provided for appeal to the Supreme Court of the territory from such an order. However, instead of availing himself of this right, the defendant sued out an original writ of habeas corpus from the supreme court of the territory. In affirming the judgment denying bail the Supreme Court of the United States said:

"* * * as the accused sued out an original writ of habeas corpus from the supreme court of the territory, we cannot, upon the present appeal, consider whether the court of original jurisdiction properly interpreted the local statutes in holding that the accused 'ought not to be admitted to bail, after conviction and sentence, unless some extraordinary reason therefor is shown.' There is nothing before us for review, except the order of the supreme court of the territory, which discloses nothing more than the denial of the application to it for bail, and the remanding of the prisoner to the custody of the marshal.

\* \* \* \* \* \*

"As the judgment did not impose upon the appellant a fine only, his admission to bail, pending the appeal from that judgment, was not a matter of right, but was distinctly committed, by the statute, to the discretion of the court or judge to whom the application for bail may be made.

\* \* \* \* \* \*

"Whether the supreme court of the territory abused its discretion in the present case is a question not presented by the record before us; for it does not contain any finding of facts, nor the evidence (if there was any apart from the record of the trial and of the proceedings upon the first application for bail) upon which the court below acted. Its judgment denying bail cannot, therefore, be reversed, unless, as contended by appellant, the certificate of probable cause necessarily carried with it the right to bail, and deprived the court of all discretion in the premises. But that construction of the statute is not, we think, admissible."

Here, as in the Clawson case, there is no appeal from the conviction before the Court. There is before us only the order revoking bail and remanding appellant. There are no findings of fact or record on which this Court could find that the District Court abused its discretion, even if under its supervisory powers this Court might review the revocatory order over which it has no appellate jurisdiction.

■ At the argument, counsel for appellant stated that the delay in disposing of the Motion for New Trial was, in large measure, occasioned by counsel's desire to have made available to the District Judge the transcript of testimony in the case, and that some difficulty had been experienced in obtaining the official transcript. Counsel informed the Court that the transcript was, at the time of the argument, completed. There is, therefore, no reason why the Motion for New Trial should not be heard and disposed of by the District Court without further delay.

The appeal from the order revoking bail is dismissed, and the petition for bail is denied.