EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* ARCADIO TORO GOYCO, demandado y recurrente.

Número 17.

*Sometido:* 28 de julio de 1959. *Resuelto:* 10 de agosto de 1959.

*José Rafael Gelpí,* abogado del recurrente; *Hon. Secretario de Justicia Hiram R. Cancio (J. B. Fernández Badillo, ex-Secretario de Justicia,* en su informe escrito sobre la Solicitud de Fianza) y *Carlos G. Látimer,* abogados de El Pueblo, recurrido.

EL JUEZ ASOCIADO SEÑOR SERRANO GEYLS emitió la opinión del Tribunal.

¿Tiene derecho a fianza una persona convicta de delito que acude ante este Tribunal Supremo en solicitud de un auto de *certiorari* para que por ese medio se revise una sentencia del Tribunal Superior dictada en una apelación procedente del Tribunal de Distrito? El peticionario ha presentado tal solicitud de fianza, sin argumentarla.([1]) El Procurador General se opone y sostiene que el art. 374 del Código de Enjuiciamiento Criminal reconoce el derecho a fianza únicamente cuando se entabla un "recurso de apelación" para ante el Tribunal Supremo y no, por lo tanto, cuando se utiliza el remedio de *certiorari.*

Dispone el art. 374, según fue enmendado por la Ley núm. 61 de 20 de abril de 1949 (Leyes, pág. 151; 34 L.P.R.A. sec. 1215):

"Después de convicto un acusado de delito que no conlleve pena de reclusión perpetua, si éste entablare recurso de apelación para ante el Tribunal Supremo, se admitirá fianza:

"1. Como cuestión de derecho, cuando se apela de una sentencia imponiendo solamente multa.

---

([1]) El peticionario fue condenado por una violación de la Ley de Tránsito y por otra del art. 368 del Código Penal (alterar la paz pública) a pagar multas de $15 y $60, respectivamente, o en su defecto a cumplir pena de cárcel.

"2. Como cuestión de derecho, cuando se apela de una sentencia imponiéndole cárcel en delitos menos graves.

"3. A discreción del juez sentenciador, o del Tribunal Supremo, o de uno de sus jueces, en todos los demás casos; *Disponiéndose,* que no se admitirá fianza en estos últimos casos, cuando la apelación entablada no plantee una cuestión substancial o cuando la naturaleza del delito o el carácter y antecedentes penales del acusado aconsejen, a juicio de la corte y para protección de la sociedad, la reclusión del convicto mientras se ventile la apelación; *Disponiéndose, además,* que no se admitirá fianza alguna sin antes dar al fiscal de la corte correspondiente oportunidad de ser oído."

En el mismo año de 1949 y por medio de la Ley núm. 172 de 4 de mayo (Leyes, pág. 547; 34 L.P.R.A. sec. 1071), la Asamblea Legislativa enmendó la ley sobre apelaciones en causas criminales para proveer lo siguiente:

"Cualesquiera de las partes en una acción criminal originada en el Tribunal Superior podrá apelar ante la Corte Suprema en la forma prescrita por el Título IX del Código de Enjuiciamiento Criminal de Puerto Rico. La sentencia dictada por el Tribunal Superior en apelación procedente del Tribunal de Distrito no será apelable, pudiendo, sin embargo, ser ésta revisable ante el Tribunal Supremo mediante recurso de *certiorari.*"

La enmienda de 1949 consistió en eliminar el recurso de apelación al Tribunal Supremo en las causas originadas en el Tribunal de Distrito (antes Corte Municipal)—autorizado por la Ley de 28 de mayo de 1904, Leyes, pág. 17—y sustituirlo por el recurso de *certiorari.* [2]

Basta confrontar los textos de ambas disposiciones y ubicarlos en la situación procesal nuestra para darse cuenta de que no puede prevalecer la interpretación restrictiva del término "recurso de apelación" del art. 374 que se nos propone. Aceptarla equivaldría a decir que los dos primeros párrafos de dicho artículo, que reconocen la fianza "como cuestión de

---

[2] En cuanto a la situación actual, examínese el art. 2 (*d*) de la Ley núm. 115 de 26 de junio de 1958, 4 L.P.R.A. sec. 37 y la Regla 15.1 de nuestro Reglamento, 4 L.P.R.A. Ap. I.

derecho" en los casos en que se impone sentencia de multa o cárcel, dejarían de tener aplicación a la casi totalidad de las sentencias de esa índole, que se originan, como sabemos, en el Tribunal de Distrito. Sabido es que son contados los delitos en los cuales el Tribunal Superior puede imponer sentencias de multa o cárcel, pues el grueso de la actividad de esa sala en el campo criminal cubre los delitos graves. En estos, por definición, se impone pena de presidio. Aceptar, pues, la interpretación restrictiva significaría aceptar a la vez que en el trámite de apelación ante este Tribunal Supremo, el legislador con una mano concedió el derecho a fianza en todos los casos de multa o cárcel, mientras que con la otra eliminó tal derecho para la casi totalidad de esos casos al señalarle el camino de *certiorari* a los originados en el Tribunal de Distrito.

Prueba adicional de que ese no fue el propósito legislativo se encuentra en una extensa y juiciosa discusión ocurrida en el Senado ([3]) durante el trámite de aprobación de la enmienda al art. 374. Explicó el Senador Sr. Lionel Fernández Méndez, Presidente de la Comisión Jurídico Penal, que tuvo a su cargo el estudio inicial de la medida:

"La pregunta del compañero es que si esa discreción es o no peligrosa y excesiva. En aquellos casos en que la pena que se impone es multa, no hay problema, es mandatorio, de manera que no hay que ejercitar discreción alguna. En los delitos *misdemeanors* en que la pena es cárcel, tampoco hay problema; ahí es mandatoria la fianza. Entonces, ¿qué le queda al juez para ejercitar su discreción? Solamente los casos *felony*, los casos *felony* después de convicto el acusado, cuando ya un jurado dijo: 'Usted es culpable' y va del distrito [hoy Tribunal Superior] al Supremo." (Págs. 463–464.)

El Senador Sr. Víctor Gutiérrez Franqui, portavoz de la mayoría, abundó en esas palabras (pág. 471), y terminó diciendo:

"Este proyecto hace no menos de tres semanas que está en la orden del día. Yo creo que todos han tenido la oportunidad.

---

([3]) Actas del Senado de Puerto Rico (1949) págs. 460–473.

de estudiar los distintos aspectos del mismo. Como cuestión de hecho la enmienda que se ha sugerido hoy aquí para sustituir el artículo original del proyecto es una enmienda de transacción entre aquéllos que queríamos medidas más fuertes y aquéllos que han querido que se saquen todos los delitos *misdemeanors,* aun los que tienen pena de cárcel, de los rigores de esta disposición sobre la fianza. De manera que yo creo que esta tarde debemos aprobar el proyecto según ha sido enmendado." (Pág. 473.) ([4])

Se llevó a cabo la votación inmediatamente y se aprobó el proyecto catorce votos a uno (Actas, pág. 479). La Cámara, por unanimidad, concurrió con el Senado (Actas de la Cámara de Representantes de Puerto Rico, 1941, págs. 923, 1039, 1046 y 1051).

De estas expresiones y actuaciones legislativas brota meridianamente el propósito de revisar la ley vigente sobre fianzas, en los casos apelados al Tribunal Supremo, para establecer un único sistema mediante el cual se reconozca la fianza como cuestión de derecho en todos los delitos menos graves (misdemeanor) y como cuestión discrecional en todos los delitos graves (felony), excepto en los que se impone pena de reclusión perpetua. Es evidente que ese propósito quedaría frustrado si dejáramos fuera de la protección de la ley a las causas por delitos menos graves que se originan en el Tribunal de Distrito. De así hacerlo, resultaría académico el recurso de *certiorari* en la inmensa mayoría de esos casos, porque dada la brevedad de los términos de prisión que se imponen en tales ocasiones, es casi seguro que los apelantes habrían cumplido la sentencia antes de que este Tribunal resolviera el asunto en sus méritos.

Es innecesario recargar esta opinión con autoridades ([5]) que describan cuál es la responsabilidad judicial en estos asun-

---

([4]) En su redacción original el P. del S. 224, que luego se convirtió en la Ley núm. 61, consideraba la fianza como una cuestión discrecional en todos los casos. En cuanto a la situación anterior al 1949, véanse la Ley núm. 23 de 15 de marzo de 1918 (Leyes, pág. 121) y la núm. 12½ de 10 de mayo de 1921 (Leyes, pág. 119).

([5]) Para una adecuada discusión y citas de jurisprudencia, véanse *Repeal by Implication,* Monografía en 55 Colum. L. Rev. 1039 (1955);

tos. Consiste en armonizar los mandatos con los propósitos legislativos, reconociendo que al igual que acontece en las demás zonas de actividad política, jurídica y social, el legislador dispone de medios imperfectos de expresión, investigación y análisis, y no puede, por consiguiente, imprimirle a sus mandatos la precisión de una fórmula científica.

██ Fallamos, en consecuencia, que la frase "recurso de apelación, para ante el Tribunal Supremo", según se utiliza en el art. 374 del Código de Enjuiciamiento Criminal, debe interpretarse en su sentido lato para describir el acto de solicitar la revisión para ante este Tribunal, y no el medio o procedimiento específico que se utilice para obtenerla. Comprende, por lo tanto, el recurso de *certiorari* que la ley vigente provee para revisar las sentencias dictadas por el Tribunal Superior en apelaciones procedentes del Tribunal de Distrito. Son de aplicación en estos casos las disposiciones vigentes sobre fianza en apelación, excepto, desde luego, que al solicitarla del Tribunal Superior el peticionario deberá producir una constancia de que ha interpuesto el recurso de *certiorari* ante nos.

██ Es necesaria una aclaración final. De los autos de este recurso no consta que el acusado solicitara fianza del Tribunal Superior. No hemos dado importancia a esa omisión porque su solicitud planteaba una importante cuestión de derecho que en última instancia nos competía resolver. No obstante, deseamos reafirmar el criterio de que la solicitud de fianza ante este Tribunal o ante uno de sus jueces es un remedio de excepción que debe utilizarse parcamente. Salvo situaciones de verdadera urgencia, tal solicitud debe someterse en primer término al juez sentenciador. *Pueblo* v. *Barrios*, 23 D.P.R. 209, 212 (1915); *Pueblo* v. *Barrios*, 22 D.P.R. 857, 858 (1915); *Ex parte Aybar*, 14 D.P.R. 565, 568–570 (1908). En caso de negativa podrá entonces presentarse la petición a

*Repeal or Amendment Implied from Later Inconsistent Enactment*, Monografía en 37 Colum. L. Rev. 292 (1937); y 1 Sutherland, *Statutory Construction* (1943), sec. 2020, págs. 483–485.

este Tribunal, acompañada de copias certificadas de la solicitud hecha al juez sentenciador y de su dictamen, de una transcripción de la prueba, si se hubiese presentado alguna, y de un breve informe exponiendo las razones por las cuales se considera errónea la resolución. A los jueces de instancia conviene recordar que la fianza en apelación debe concederse con liberalidad, aunque siempre dando cumplimiento a los requisitos del art. 374. *Ex parte Castro*, 69 D.P.R. 988, 991, 994 (1949); Cf. *Fournier* v. *González*, 80 D.P.R. 353 (1958).

*Se fija al peticionario una fianza en apelación de quinientos dólares mientras se resuelve el recurso de certiorari incoado por él.*