**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul Michael KODELJA, Defendant,**

**and**

**Allied Fidelity Corporation,
Claimant–Appellant.**

**No. 78–2530.**

United States Court of Appeals,
Ninth Circuit.

Oct. 14, 1980.

---

4. The administrative law judge could reasonably have doubted the sincerity of Bumble Bee's eleventh hour job offer because "actions taken in the face of litigation are equivocal in purpose, motive, and permanence." *Diamond M Drilling Co. v. Marshall,* 577 F.2d 1003, 1007 n. 5 (5th Cir. 1978). *See also Jenkins v. United Gas Corp.,* 400 F.2d 28, 33 (5th Cir. 1968).

Morton R. Galane, Las Vegas, Nev., for claimant–appellant.

B. Mahlon Brown, Lawrence R. Leavitt, Las Vegas, Nev., for plaintiff–appellee.

Before CHOY, ANDERSON and FARRIS, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Appellant Allied Fidelity Corporation posted bond for the defendant Kodelja. After the defendant's release on bail, he was arrested again on a separate charge. The defendant was released after this arrest when a friend of the defendant, Bruno, posted bail consisting of a promissory note secured by two quitclaim deeds. Shortly after this release, the defendant fled, and apparently is still at large. The government subsequently moved for a forfeiture of the bond posted by Allied. The motion was granted and Allied appeals, arguing that (1) the magistrate acted in excess of his jurisdiction by authorizing the release of Kodelja upon the posting of the promissory note and two quitclaim deeds as security; (2) Kodelja's reporting conditions under Allied's bond were so uncertain that Allied

**1332**

should be released from its obligations under that bond; and (3) the releasing of Kodelja on bail after his second arrest enlarged the risk assumed initially by Allied. We affirm the forfeiture.

*DISCUSSION*

■ The magistrate did not act in excess of his jurisdiction. The promissory note secured by the two quitclaim deeds was properly accepted as "other security" within the provisions of 18 U.S.C. § 3146(a)(3); and the magistrate did not abuse its discretion in accepting the affidavits filed by Bruno and her attorney as justifications under Rule 46(d) of the Federal Rules of Criminal Procedure.

■ Allied's argument that the reporting conditions under its bond were so uncertain that it should be relieved of its obligations is without merit. The plain meaning of the words is that the defendant was to present himself once each day, except on weekends, during working hours, when an employee of or Mr. Goodman himself was present to verify the defendant's presence in Las Vegas.

■ Appellant's contention that its risk was enlarged by the release of Kodelja following his rearrest must also fail. The effect of granting bail to Kodelja for the second time was that there were then two sureties responsible for his appearance in subsequent proceedings. Allied's obligation to secure Kodelja's appearance continued unchanged and unhindered by the defendant's release from custody after the second arrest. See, *People v. Meyers*, 215 Cal. 115, 8 P.2d 837 (1932).

■ Moreover, a surety may at any time relieve itself of its bond by surrendering its principal. *Reese v. United States*, 9 Wall. 13, 21, 19 L.Ed. 541 (1870); *Stuyvesant Insurance Co. v. United States*, 410 F.2d 524 (8th Cir.), *cert. denied*, 396 U.S. 836, 90 S.Ct. 96, 24 L.Ed.2d 87 (1969). Appellant did not seek to discharge itself from liability after Kodelja's second arrest; its obligation on the bond, therefore, continued. The defendant's failure to report to his attorney, and his subsequent failure to appear for

trial breached the terms of his bond. The district court did not err when it granted the motion for forfeiture of the bond.

AFFIRMED.