UNITED STATES of America,
Plaintiff-Appellee,

v.

John Handy JONES, Defendant,

International Fidelity Insurance
Company, Appellant.

No. 83–1042

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1983.

Rehearing Denied Nov. 28, 1983.

C. Anthony Friloux, Jr., Andrew T. McKinney, III, Houston, Tex., for appellant.

Michael P. Heiskell, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, TATE, and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

International, a surety, appeals from the district court judgment ordering forfeiture of its post-conviction bond issued to assure the appearance of the defendant Jones, should his conviction be affirmed on appeal. We affirm the forfeiture.

Jones was convicted of several felony counts and sentenced to ten years' imprisonment. He was released on post-conviction bond in January, 1978, pending disposition of his appeal. Fed.R.App.P. 9(b); 18 U.S.C. § 3148. His conviction was affirmed in 1979. An arrest warrant was issued, but returned with the notation that the marshal was unable to locate Jones, and that he was in a fugitive status. The district court ordered forfeiture of the $100,000 post-conviction bond issued by International. International appeals from that judgment.

International contends it should be exonerated itself from liability under its bond because the United States improperly increased the risk under the bond by reason of the following circumstances: While Jones' appeal was pending, he violated the conditions of his bond by leaving Texas for Bolivia, where he was arrested in July, 1978 for involvement in a drug transaction. He was immediately brought back to Texas by agents of the Drug Enforcement Agency ("DEA"). Jones agreed to work undercover for the DEA. Accordingly, the complaint against him for the 1978 violation was dismissed, and Jones was released—but once again he fled and his whereabouts have been unknown since then (although he is believed to be in South America).

International contends it is entitled to be exonerated from its obligation under the bond because, instead of surrendering Jones to the federal court, the DEA agents had released Jones upon his (broken) promise of undercover cooperation, without notifying International. The surety relies upon the principle established in *Reese v. United States,* 76 U.S. (9 Wall) 13, 19 L.Ed. 541 (1870), that the government may not enforce the forfeiture of bond when the government itself has increased the risk or made impossible the exercise of the bail bondsman's right to arrest the individual and surrender him to authorities, and thus to relieve itself of further obligations under the bond.

We find no reversible merit in this contention.

Under the factual finding of the district court, not clearly erroneous, International had learned of Jones' 1978 re-arrest and return to the United States *prior* to his release then from re-arrest by the DEA. The record indicates, moreover, that International could have moved to be relieved from its bond at that time (as it had in the case of several state-court bonds for Jones), but did not do so on the mistaken assumption that the government had already moved to revoke the release on bond.

In this circuit, the standard for review for a district court refusal to remit

part or all of a bond forfeiture is whether the trial court abused its wide discretion. *United States v. Hesse,* 576 F.2d 1110, 1114 (5th Cir.1978). In the present instance, the government's release of Jones after his re-arrest in 1978 did not by itself violate the terms of the bond or lessen the liability of International, the surety, under those terms to pay the amount of the bond if Jones did not surrender himself at the time directed under the terms of the bond. *United States v. Miller,* 539 F.2d 445, 448 (5th Cir.1976). As stated in *United States v. Kodelja,* 629 F.2d 1330, 1332 (9th Cir.1980) in affirming a forfeiture, the surety's "obligation to secure [the defendant's] appearance continued unchanged and unhindered by the defendant's release from custody after the second arrest."

By reason of the principle expressed by the Supreme Court decision in *Reese, supra,* exoneration might be found warranted or at least equitable when the government's action has unreasonably increased the surety's risk that was reasonably contemplated by issuance of the bond. Here, however, International did not sustain any additional risk beyond those contemplated by its bond simply because the DEA agents released Jones without surrendering him to the court. International could have, for instance, protected itself by moving for relief from its bond *before* Jones was released from custody on his re-arrest in 1978. *See Stuyvesant v. United States,* 410 F.2d 524, 525-57 (8th Cir.1969) (discussing instances of prejudice because the government made performance by the surety impossible).

We therefore find no abuse of the district court's wide discretion in ordering forfeiture under the factual circumstances here found.

█ Nor are we able to perceive much force to International's argument that, somehow, it was prejudiced by the government's failure upon Jones' re-arrest in July, 1978 to set in motion formal forfeiture proceedings under Fed.R.Crim.P. 46, based upon Jones' violation of conditions of his bond by leaving Texas and by engaging in other criminal activities. Initially, we note, International cites no jurisprudential au-

thority that imposes such a mandatory duty upon the government in the event of bond-condition violation.

Even assuming such a duty, however, we fail to perceive International's prejudice, through non-enforcement in 1978 of the allegedly mandatory portion of the federal rule relied upon by International, which provides that "[i]f there is a breach of a condition of a bond, the district court *shall* declare a forfeiture of the bond." Rule 46(e)(1) (emphasis added). Forfeiture of the bond at the present later date (when Jones failed to appear for imprisonment following affirmance of his conviction) instead of by Rule 46 proceedings alleged by International to have been required in July 1978 (when Jones was re-arrested and then released from custody) does not implicate any prejudice to International caused by the United States' belated institution of the present forfeiture proceedings.

*Conclusion*

Accordingly, we AFFIRM the judgment ordering forfeiture of the bond.

AFFIRMED.