**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Noe Ervey GARCIA, Defendant,**

**International Fidelity Insurance Company, Surety-Appellant.**

No. 83–4265
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1984.

---

Frances Baker Jack, Shreveport, La., C. Anthony Friloux, Jr., Houston, Tex., for surety-appellant.

Judith A. Lombardino, Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

In August 1982, Noe Ervey Garcia was arrested pursuant to a federal grand jury indictment charging him with possession of marijuana with intent to distribute it (21 U.S.C. §§ 841(a), 846). He was released from custody after posting a $100,000 appearance bond on which appellant, International Fidelity Insurance Company ("International"), acted as surety.

When Garcia failed to appear at a pretrial conference on November 30, 1982, the district court ordered that an arrest warrant issue and that the bond be revoked. The court also ordered that an evidentiary hearing be set for the following day to reconsider its ruling on the bond revocation. At the hearing, Garcia testified that after speaking with his attorney at the courthouse prior to the pretrial conference he thought that his presence was no longer necessary and therefore he left to catch a plane to return to his home. Garcia and a United States marshal also testified that Garcia voluntarily surrendered at the airport. The court found that Garcia "did not willfully leave the courthouse prior to his scheduled court appearance" and therefore "the order of this court revoking ... Garcia's bond is recalled and the defendant is released on the same bond that is now posted."

On December 6, 1982, Garcia failed to appear for trial (and still remains at large). The government then made an oral motion to forfeit his bond, which was granted by the court. An "Appearance Bond Forfeiture Judgment Order" was subsequently filed by the court on January 11, 1983. International thereafter filed a motion to set aside the bond forfeiture, which the court denied on April 5. International filed a timely notice of appeal.

I. November 30 Bond Revocation

International initially argues that the district court erred in refusing to set aside the bond forfeiture because there was no valid bond in effect at the time of the forfeiture order. In support of this contention, appellant maintains that the court's revocation of Garcia's bond on November 30 terminated the surety's liability and the bond could not be validly reinstated unilaterally by the court.

The government counters appellant's argument by contending that the November 30 order was only a "temporary revocation" pending an evidentiary hearing to ensure that Garcia's due process rights were protected, citing *United States v. Bowdach,* 561 F.2d 1160, 1166–67 (5th Cir.1977). The government states:

In the case before this Court, the Honorable Eugene Davis, following the procedures outlined in *Bowdach,* held a hearing on the issue of whether or not the defendant's bond should be permanently revoked and found that Garcia's absence from the pretrial conference was not willful [sic] and therefore was not a breach of the conditions of the bond. Therefore, it follows that without a breach of the conditions of the bond, the bond obligation between Garcia and the Appellant and the United States of America re-

mained wholly in effect. The revocation of the bond under these circumstances and procedures operates as neither a forfeiture nor does it terminate the bond obligation.

The government's argument is persuasive. ■ "The burden of establishing grounds for setting aside . . . a bond forfeiture rests on the party challenging it." *United States v. Roher,* 706 F.2d 725, 727 (5th Cir.1983) (citation omitted). Moreover, the district court has wide discretion in deciding this issue, and its judgment will be disturbed only for clear abuse of that discretion. *Id.*

The precise question raised by International appears to be one of first impression in this Circuit, as well as the other circuits. Appellant concedes that the cases it relies upon are not directly on point. It is well settled, however, that "since sureties assume the duty to ensure appearance of their principals, they should advise themselves of scheduled appearances and the court need not notify them of their setting, . . . or the principal's failure to appear." *United States v. Roher,* 706 F.2d at 727. Indeed, Rule 46(e) of the Federal Rules of Criminal Procedures requires only that notice be given of a motion for judgment of forfeiture. *See id.*

In the alternative, International argues that "if this Court determines that a bond can be reinstated unilaterally, . . . the reinstatement in this instance subjected the surety to a more onerous undertaking than the one to which it first agreed. INTERNATIONAL FIDELITY did not agree to be surety for a principal who had absented himself at will."

■ It is true that "[a]s a general rule the terms of a bail contract are to be construed strictly in favor of the surety, who may not be held liable for any greater undertaking than he has agreed to." *United States v. Miller,* 539 F.2d 445, 447 (5th Cir.1976) (citation omitted). The facts in the instant case, however, do not indicate that International was subjected to any greater risk due to the district court's recalling of the bond revocation order. In an analogous case, *United States v. Jones,* 719

F.2d 110, 111–12 (5th Cir.1983), the Court found that the surety's obligation to secure the defendant's appearance was unchanged by the government's release of the defendant following his arrest for violating the conditions of his bond. That finding was based on the following facts:

> While Jones' appeal was pending, he violated the conditions of his bond by leaving Texas for Bolivia, where he was arrested in July 1978 for involvement in a drug transaction. He was immediately brought back to Texas by agents of the Drug Enforcement Agency ("DEA"). Jones agreed to work undercover for the DEA. Accordingly, the complaint against him for the 1978 violation was dismissed, and Jones was released—but once again he fled. . . .

*United States v. Jones,* 719 F.2d at 111. In reliance upon *United States v. Miller,* the court concluded that the government's release of Jones after his re-arrest did not by itself violate the terms of the bond or alter the surety's liability. *Id.* at 112.

■ In the case *sub judice,* the trial judge found that Garcia's absence from the pretrial conference was not willful and therefore he recalled the revocation order. This act by itself did not violate the terms of the bond or alter the surety's liability. International has failed to establish a clear abuse of discretion by the district court.

## II. 18 U.S.C. § 3142

■ International next argues that the district court's recalling of the bond revocation order denied it its "right to arrest Garcia and surrender him into custody so as to obtain an exoneration on the bond" under the provisions of 18 U.S.C. § 3142. We are not persuaded. Appellant cites no authority in support of its contention that § 3142 confers an exclusive right upon a surety to arrest his principal. The statute provides that "[a]ny party charged with a criminal offense who is released on the execution of an appearance bail bond with one or more sureties, *may,* in vacation, be arrested by his surety . . . ." 18 U.S.C. § 3142

(emphasis added). A plain reading of the statute reveals that the surety has the authority to arrest his bailee, but there is no language to the effect that the authority is exclusive.

### III. Fed.R.Crim.P. 46(c)

Finally, appellant contends that the district court erred by failing to follow the "mandatory" provision of Federal Rule of Criminal Procedure 46(e)(1). The rule provides: "If there is a breach of condition of a bond, the district court *shall* declare a forfeiture of the bail." Fed.R.Crim.P. 46(e)(1) (emphasis added). Thus, reasons International, "[h]ad the District Court ordered forfeiture at the proper time—when Garcia first failed to appear and when a valid bond existed—the circumstances indicate that, under the guidelines provided by this Court, the District Court would have set aside the order or, at the least, remitted it in part" [because, among other factors, Garcia's absence from the pretrial conference was not willful]. This argument is self-contradictory.

On the one hand appellant argues that Garcia's failure to appear on November 30 was willful and therefore the court's recall of the bond revocation order subjected it to a greater risk. On the other hand, appellant maintains that Garcia's absence was not willful and that the court should have declared an immediate bond forfeiture which it would have later set aside.

Appellant cites no authority that would require the result it seeks. In any event, the district court found that there was no breach of condition of the bond that would warrant the declaration of a forfeiture when Garcia failed to appear at the pretrial conference. International has not demonstrated that a valid bond did not exist on December 6, 1982, nor has it demonstrated that the district court abused its wide discretion in refusing to set aside the forfeiture.

AFFIRMED.