**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Ronald Dale DUNN,
Defendant-Appellant.**

No. 84–1746.

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1986.

**448**

Louis Dugas, Jr., Orange, Tex., for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Jack C. O'Donnell, Ms. Sidney Powell, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN and JONES, Circuit Judges, and POLOZOLA *, District Judge.

POLOZOLA, District Judge:

Ronald Dale Dunn appeals from a district court judgment which ordered a forfeiture of his post conviction bond. We affirm the forfeiture.

## I. BACKGROUND

On March 6, 1981, Dunn was sentenced to sixteen years in prison after having been convicted of various drug charges. Thereafter, Dunn was released on a $50,000 cash appearance bond pending his appeal of the conviction. The appearance bond set by the district court also included a provision that Dunn shall not leave a 100-mile radius of Austin, Texas without permission of the court. Dunn personally signed the appearance bond and the order specifying methods and conditions of release. While Dunn's convictions were being reviewed by this court,[1] Dunn traveled to the country of Belize in Central America in violation of his conditions of release. On June 3, 1982, Dunn was arrested in Belize. Thereafter, the United States filed a motion under Rule 46 of the Federal Rules of Criminal Procedure for a judgment of forfeiture.[2] While this motion was pending, Dunn was indicted for violating the terms of his appearance bond.[3] Dunn waived jury trial, was

---

* District Judge of the Middle District of Louisiana, sitting by designation.

1. This appeal is presently pending panel reconsideration. *United States v. Dunn,* 674 F.2d 1093 (1982), vacated *United States v. Dunn,* 467 U.S. 1201, 104 S.Ct. 2380, 81 L.Ed.2d 340 (1984), opinion on remand 766 F.2d 880 (5th Cir.1985), recalled by order of January 17, 1986. Dunn's appeal of other drug related convictions was recently affirmed. *United States v. Dunn,* 775 F.2d 604 (5th Cir.1985).

2. At the time of the forfeiture, Rule 46(e) provided:
 (e) Forfeiture.
 (1) Declaration. If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.
 (2) Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.
 (3) Enforcement. When a forfeiture has not been set aside, the court shall on motion

enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of court, who shall forthwith mail copies to the obligors to their last known addresses.
 (4) Remission. After entry of judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision.

3. Rule 46(e)(2) and the Bail Bond Reform Act of 1966 were amended on October 12, 1984, by the Bail Bond Reform Act of 1984, Pub.L. No. 98–473, §§ 202–10, 98 Stat. 1976–87 (1984). These amendments do not affect the resolution of this case.

found guilty of criminal contempt and sentenced to five years imprisonment. This court affirmed Dunn's conviction and sentence for criminal contempt.[4]

After the government filed its motion seeking a forfeiture of Dunn's bail bond, Dunn filed a response claiming a denial of due process because a hearing was not "held immediately after he was brought into custody on June 3, 1982." Dunn claimed that he was "entitled to notice of his violation and an immediate hearing." [5] On December 27, 1983, he filed a motion seeking to have the forfeiture proceedings dismissed and the $50,000 bond returned. The district court denied Dunn's motion on January 17, 1984, on the ground that Dunn had failed to apply for a hearing as required by 18 U.S.C. § 3146(d).[6] On May 23, 1984, Dunn received an evidentiary hearing on the forfeiture of his bond.[7] The district court entered a judgment in favor of the government in the sum of $50,000.[8] Thereafter, Dunn filed a timely appeal to this court.

## II. ISSUES ON APPEAL

The following issues are raised on this appeal:

(1) Do the provisions of the Bail Bond Reform Act or Rule 46(e) of the Federal Rules of Criminal Procedure apply in bond forfeiture proceedings based on a violation of a travel restriction?

(2) Was there a violation of the Due Process Clause of the Fifth Amendment because of the twenty-two month delay between the time of Dunn's return to federal custody and the hearing on the government's bond forfeiture motion?

(3) Does the record support the district court's opinion which ordered a forfeiture of appellant's bail bond?

## III. FED.R.CRIM.P. RULE 46(e) APPLIES IN THIS BOND FORFEITURE CASE

This appeal arises out of a bond *forfeiture* proceeding and not from a bond *revocation* proceeding. Accordingly, Rule 46(e) of the Federal Rules of Criminal Procedure [9] and not the provisions of the Bail

---

**4.** *United States v. Dunn,* 719 F.2d 402 (5th Cir. 1983).

**5.** Dunn's argument to the district court was based on the erroneous contention that the Bail Bond Reform Act of 1966, 18 U.S.C. §§ 3146–52, applies in a bond forfeiture case rather than Rule 46. This issue is discussed in more detail later in part II of this opinion.

**6.** 18 U.S.C. § 3146(d) is now § 3142(f) under the 1984 amendment to the Bail Bond Reform Act, § 3146(d) provided:

(d) A person for whom conditions of release are imposed and who after twenty-four hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the judicial officer who imposed them. Unless the conditions of release are amended and the person is thereupon released, the judicial officer shall set forth in writing the reasons for requiring the conditions imposed. A person who is ordered released on a condition which requires that he return to custody after specified hours shall, upon application, be entitled to a review by the judicial officer who imposed the condition. Unless the requirement is removed and the person is thereupon released on another condition, the judicial officer shall set forth in

writing the reasons for continuing the requirement. In the event that the judicial officer who imposed conditions of release is not available, any other judicial officer in the district may review such conditions.

**7.** Because an evidentiary hearing on the government's bond forfeiture was granted in this case, we need not and do not decide today whether such a hearing is constitutionally mandated under Rule 46(e).

**8.** The district court found: (1) Dunn had violated a condition of his bond; (2) had never applied for a hearing under 18 U.S.C. § 3146(d) [now § 3142(f) ]; and, (3) showed no prejudice from any delay in obtaining a hearing on the government's forfeiture motion.

**9.** This court has previously held that there is no conflict between the provisions of Rule 46(e) and the Bail Bond Reform Act. *Brown v. United States,* 410 F.2d 212, 215–17 (5th Cir.1969), *cert. denied,* 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1968). After concluding the Bail Bond Reform Act did not preclude the district court from declaring a forfeiture of bond under Rule 46(e) for breach of travel restrictions imposed as a condition of bond, this court stated:

The legislative history of the Bail Reform Act offers scant enlightenment, but there is nothing in the history to suggest a congres-

Bond Reform Act apply under the facts of this case.[10] A bond forfeiture proceeding under Rule 46(e) is essentially a civil proceeding. *United States v. Roher*, 706 F.2d 725, 726–27 (5th Cir.1983). Dunn does not complain on this appeal that his appearance bond was improperly revoked which thereby terminated his physical release on bail pending appeal.[11] Instead, Dunn is challenging the district court's subsequent decision which caused a forfeiture of his property—a $50,000 cash bond.[12] It was not error for the district court to consider and reject appellant's erroneous reliance on the provisions of the Bail Bond Reform Act. The district court properly applied the provisions of Rule 46(e) under the facts of this case.

## IV. THERE WAS NO VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE

Dunn contends that the twenty-two month delay between the time of his arrest and the date of his forfeiture hearing constituted a Due Process violation under the Fifth Amendment. We reject this argument. Dunn's claim of a prompt bond forfeiture hearing is nothing more than a thinly disguised attempt to secure rights under the Bail Bond Reform Act. We have held that Rule 46(e) and not the Bail Bond Reform Act applies under the facts of this case. Therefore, Dunn's reliance on *United States v. Bowdach*, 561 F.2d 1160 (5th Cir.1977) and *United States v. Garcia*, 724 F.2d 514 (5th Cir.1984) is misplaced. Neither of these two cases requires an immediate hearing in a bond forfeiture proceeding. *Bowdach* involved a bond revocation case.[13] The issue in *Garcia* centered on whether the district court could reinstate a temporarily revoked bond following a hearing which revealed no wilful breach of a bond condition.[14]

Dunn cites no other legal authority nor could this court find any which would establish or mandate a right, constitutional or

sional intention to supersede Rule 46(f) [now 46(e) ].

\* \* \* \* \* \*

Since the penalty provision of the Bail Reform Act is significantly more stringent than the penalty provision of Rule 46(f)(1), there is good reason for narrowly limiting the scope of the Bail Reform Act penalty to the most serious breach—nonappearance. This limitation, however, does not necessarily preclude imposition of less stringent penalties, such as forfeiture, for less serious violations of Rule 46(1) restrictions. We conclude, therefore, that since the Bail Reform Act specifically approved imposition of numerous conditions in liberalizing the availability of bail, Congress assumed that these conditions could be enforced effectively by some less stringent penalties than those specified in the Act for non-appearance. In short, there is no conflict between Rule 46(f) and the Bail Reform Act; the Rule and the Act are complementary and form a unified system in dealing with pretrial release.

\* \* \* \* \* \*

There is an additional reason for upholding the district court's power to declare a forfeiture for breach of travel restrictions. As we noted previously, Rule 46 broadly prescribes bail procedures. Rule 46(f)(1) provides for a forfeiture for breach of any condition of release. In conjunction with the Bail Reform Act, Rule 46 was amended to liberalize bail procedures. But the forfeiture section of Rule 46 was not amended. One may infer from this omission apparently deliberate, that Congress considered the forfeiture provision of the Rule would not be affected by the Act.

**10.** 18 U.S.C. § 3150 [now § 3146], which authorizes sanctions including forfeiture of any security given, applies only when the bond condition violated is "failure to appear before any court or judicial officer as required." *United States v. Bright*, 541 F.2d 471, 475 (5th Cir.1976), *cert. denied*, 430 U.S. 935, 97 S.Ct. 1560, 51 L.Ed.2d 780 (1977); *United States v. Clark*, 412 F.2d 885, 890 (5th Cir.1969). The Bail Bond Reform Act was never intended to supplant remedies available pursuant to Rule 46 of the Federal Rules of Criminal Procedure. *See* footnote 9, *supra*.

**11.** Dunn's liberty interest (bail revocation) is governed by 18 U.S.C. § 3148 [now § 3143(b) ]. A bail revocation procedure under the Bail Bond Reform Act is a criminal procedure.

**12.** Although Dunn originally claimed the Bail Bond Reform Act applied to his bond forfeiture, he asserts the contrary on appeal.

**13.** The *Bowdach* court discussed the due process rights due an individual whose conditional release was terminated under the provisions of the Bail Bond Reform Act. 561 F.2d at 1116–67.

**14.** Although the *Garcia* court seems to use the terms "bond reduction" and "bond forfeiture" interchangeably, it does not hold that the district court must conduct a prompt bond *forfeiture* hearing after the revocation of bail bond or upon the return of the person posting bond to federal custody. 724 F.2d at 515–16.

otherwise, to a speedy bond forfeiture proceeding.[15] While the Supreme Court has required a hearing at a meaningful time when the government seizes private property in a civil forfeiture proceeding,[16] we find that there was no denial of the Due Process Clause by the failure to hold an immediate hearing in this Rule 46(e) bond forfeiture proceeding.[17]

There are significant differences between a Rule 46(e) forfeiture proceeding and a civil forfeiture proceeding seizing private property. A Rule 46(e) forfeiture proceeding may proceed by summary motion practice, while an *$8,850* forfeiture must be preceded by an independent action instituted by the government. Furthermore, a Rule 46(e) forfeiture proceeding is based on an executed contract wherein the defendant has an explicit agreement with the court to abide by the conditions of his bail bond or suffer the loss of his property which secures the bail bond.[18]

The government filed its Rule 46(e) motion on June 11, 1982, eight days after Dunn was returned to federal custody. There is no evidence in the record that the government was dilatory or responsible for the delay in scheduling a hearing on its motion.[19] Furthermore, Dunn never specifically requested a bond forfeiture hearing, nor has he alleged any prejudice from the delay.[20] While the court has determined that the tests enumerated in *$8,850* do not apply in a Rule 46(e) bond forfeiture proceeding, Dunn clearly did not experience an unreasonable delay offensive to the Due Process Clause of the Fifth Amendment.

## V. THE DISTRICT COURT PROPERLY ORDERED A BOND FORFEITURE

 A district judge has the power to declare a forfeiture of bond for breach of travel restrictions imposed as a condition of release on bail.[21] Imposition of forfeiture is a matter vested in the sound discretion

---

**15.** *See United States v. Jones,* 719 F.2d 110, 112 (5th Cir.1983) (appellant cited no authority for government's duty to institute Rule 46 proceedings upon rearrest), *cert. denied,* —— U.S. ——, 104 S.Ct. 1713, 80 L.Ed.2d 185 (1984).

**16.** *United States v. Eight Thousand Eight Hundred and Fifty Dollars,* 461 U.S. 555, 562, 103 S.Ct. 2005, 2013, 76 L.Ed.2d 143 (1983). Hereafter cited as "*$8,850.*"

**17.** In *$8,850,* the United States Supreme Court utilized the four-factor balancing test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether the government's delay in filing a forfeiture action was reasonable. In addition to the length of delay, the Court also considered the reason for delay, the defendants assertion of his Due Process rights, and any prejudice to the defendant.

**18.** The appearance bond signed by Dunn provided in part:

If the defendant appears as ordered and otherwise obeys and performs the foregoing conditions of this bond, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judg-

ment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and by other laws of the United States.

**19.** While the Rule 46(e) motion was pending, Dunn's criminal contempt charge, based largely on facts supporting the government's bond forfeiture motion, was also pending from March to October, 1983. Had a forfeiture hearing been held during this period, the positions of the parties in the criminal case might have been prejudiced. *See $8,850,* 461 U.S. at 567, 103 S.Ct. at 2013; *United States v. One 1976 Mercedes 450 SLC,* 667 F.2d 1171, 1175 (5th Cir. 1982).

**20.** During oral argument, counsel for Dunn conceded his client was not prejudiced by the district court's delay in conducting a hearing on the Rule 46(e) forfeiture motion. Furthermore, the record is clear that the delay did not impair Dunn's defense to the government's bond forfeiture motion. *See United States v. Jones,* 719 F.2d 110, 12 (5th Cir.1983) (no prejudice from delay in commencing Rule 46 proceedings).

**21.** See part III of this opinion.

of the district court.[22] We will not disturb a district judge's order of forfeiture unless there has been a clear abuse of discretion.[23] On review of the record, we cannot say the district judge abused his discretion.[24] Accordingly, we affirm the judgment of the district court which ordered a forfeiture of Dunn's $50,000 post conviction bond.

The judgment is AFFIRMED.

**22.** *United States v. Cervantes*, 672 F.2d 460, 461 (5th Cir.1982); *Brown v. United States*, 410 F.2d 212, 218 (5th Cir.1969); *cert. denied*, 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969).

**23.** *United States v. Roher*, 706 F.2d 725, 727 (5th Cir.1983); *Smith v. United States*, 357 F.2d 486, 490 (5th Cir.1966).

**24.** Dunn's appellate brief merely asserts that bond forfeiture was unsupported by the record and "was improperly forfeitued." Such scant references, unsupported by argument or authority, merit no consideration. *See* Fed.R.App.P. 28(a)(5); *See also Daly v. Sprague*, 675 F.2d 716, 722 (5th Cir.1982), *cert. denied*, 460 U.S. 1047, 103 S.Ct. 1448, 75 L.Ed.2d 802 (1983).