**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Patrick RYAN, Defendant,**

**Douglas A. Aabbott and Peerless Insurance Company, Movants-Appellants.**

**No. 77-3057**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1978.

Shalle Stephen Fine, Miami, Fla., for movants-appellants.

Robert W. Rust, U. S. Atty., Stephen M. Pave, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Peerless Insurance Company (Peerless) posted a $25,000 bail bond (subsequently reduced to $10,000) in the court below so that its principal, James Patrick Ryan, could be released pending his trial on drug charges brought under 21 U.S.C. §§ 844(a), 963 (1976). Ryan pled guilty, and when he failed to appear for sentencing the district judge, in open court, declared a forfeiture of the bail as required by rule 46(e)(1), Fed.R.Crim.P., which provides: "If there is

---

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, 410–14.

a breach of condition of a bond, the district court shall declare a forfeiture of the bail." The clerk of the court promptly notified Peerless of the forfeiture, and Peerless moved to set it aside. Rule 46(e)(2) authorizes the court to set aside a forfeiture "upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." Peerless's motion was denied, and it took this appeal.**

It is clear from the record that this court lacks jurisdiction to entertain this appeal. First, a judgment has not yet been entered by the court against Peerless within the meaning of 28 U.S.C. § 1291 (1976). *Cf., Browder v. United States*, 168 F.2d 418 (5th Cir. 1948) (order of district court revoking bail pending disposition of a motion for a new trial not a final decision of district court and, therefore, not appealable). The entry of judgment, whereupon execution may issue, is the final act in the establishment of surety liability in a bail bond forfeiture proceeding. As rule 46(e)(3) provides:

> "When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses."

Even after judgment has been entered, the court has the authority under rule 46(e)(4) to remit all or a part of the judgment for any of the reasons that may justify the setting aside of a forfeiture under rule 46(e)(2).

We have also considered whether the order appealed from is an interlocutory order appealable under 28 U.S.C. § 1292(a) (1976), and conclude that it is not. Accordingly, the appeal is DISMISSED.

---

** Peerless's agent, Douglas A. Aabbott, who wrote the bond, joined in the appeal. Since nothing in the bond or in the court's documents pertaining to the forfeiture procedure indicates any potential liability on the part of this agent, there is substantial question whether he is a proper party to this appeal.