**UNITED STATES of America, Appellee,**

v.

**Guillermo LUJAN, Myrna Lujan, Sunshine Bail Bonding Company and Stuyvesant Insurance Company, Appellants.**

No. 78–1763.

United States Court of Appeals, Ninth Circuit.

Dec. 11, 1978.

Rehearing and Rehearing En Banc Denied Feb. 5, 1979.

Walter B. Nash, III, Tucson, Ariz., for appellants.

Christopher L. Pickrell, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before ANDERSON and HUG, Circuit Judges, and REAL,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Appellants bring this appeal challenging the judgment of the district court ordering the forfeiture of Guillermo Lujan's release bond.

Appellant Guillermo Lujan and several other individuals were indicted in two different drug conspiracy cases on November 29, 1977. Lujan was released after posting a $30,000.00 bond. Appellant Sunshine Bail Bonding Company, on behalf of the appellant Stuyvesant Insurance Company, posted a $15,000.00 surety bond, and appellant Myrna Lujan posted a $15,000.00 cash bond.

Under the terms of his release Lujan was required to appear at his arraignment on December 8, 1977, "and at such other places and times as the United States Magistrate or Court may order or direct." (C.R. 9) Lujan was further required under the order of release to "contact his attorney either in person or by personally telephoning him at least once each week no later than 12:00 noon each Friday." (C.R. 9) Lujan appeared on December 8, 1977, as directed, and the trials in the two cases were set for January 18, 1978 (Trial I) and January 31, 1978 (Trial II).

On December 13, 1977, a superseding indictment (substantially identical to the original) was filed in both cases. On December 14 and December 15, 1977, notices were filed setting December 20, 1977, as the date for arraignment on the superseding indictment. Lujan appeared as required, and the previously set trial dates were confirmed.

On January 3, 1978, several motions were heard in one of the cases. The trial date of January 18, 1978, was vacated, and Trial I was reset for February 14, 1978. Lujan was not present at the hearing on these motions.

On January 9, 1978, several motions were being heard in court and again Lujan was not present. The court gave Lujan's attorney until noon the next day to contact him. After being advised by the attorney that he had been unable to reach him, on January 10, the court issued a bench warrant for Lujan's arrest. The court also reset the date for Trial II to February 22, 1978.

On January 10, 1978, the government filed a second superseding indictment, again substantially identical to the original. Notices setting the arraignment for January 19, 1978, were mailed on January 12, 1978, to Lujan personally, Lujan's attorney, appellant Myrna Lujan, and appellant Sunshine Bail Bonding Company. Lujan's attorney received a copy of the notice on either Monday, January 16, or Tuesday, January 17. Lujan did not appear at the arraignment on January 19, and a second bench warrant was issued.

On February 13, 1978, a hearing was held on the government's motion for entry of judgment by default of bond. The court entered judgment against all appellants and ordered forfeiture of the $30,000.00 bond for Lujan's failure to appear at the January 19 arraignment. Lujan did not appear at the January 19 hearing, and there is no evidence that he has resubmitted himself to the jurisdiction of the court. Lujan, Myrna Lujan, Sunshine Bail Bonding Company, and Stuyvesant Insurance Company now appeal the judgment ordering forfeiture. The issue on appeal is their contention that Lujan was not given reasonable notice that he was required to appear, so that due process requires reversal.

■ The appellant Guillermo Lujan has no standing to appeal the order forfeiting his bail for his failure to appear in court since he is a fugitive and has failed to resubmit himself to the court's jurisdiction.

---

* The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

**438**

*United States v. Villegas-Codallos,* 543 F.2d 1124, 1125 (9th Cir. 1976). The appeal of Guillermo Lujan is therefore dismissed.

■ We need not decide the constitutional question of whether due process requires reasonable notice to a defendant of a required court appearance before there can be a forfeiture of his release bond. On the facts of the present case, we hold that the notice given to Lujan of his January 19 arraignment was reasonable.

■ A bail bond is a contract between the government and the defendant and his surety, the forfeiture of which results in the surety becoming the government's debtor. *United States v. Plechner,* 577 F.2d 596, 598 (9th Cir. 1978). The language of the bond contract is strictly construed in accordance with the terms contained therein. *United States v. Marquez,* 564 F.2d 379, 380 (10th Cir. 1977). When there is a breach of a condition of the release bond, the district court shall declare a forfeiture. Fed.R. Crim.P. 46(e)(1).

■ As appellants acknowledge, the government does not have to prove actual notice to the defendant since in many cases, such as the present where the defendant remains a fugitive, it would place an extremely difficult burden on the government.

■ Initially, we note that a defendant who is released on bail has a general obligation to keep in touch with his attorney and the court, as well as being present at the court proceedings against him. *Western Surety Co. v. United States,* 51 F.2d 470, 472 (9th Cir. 1931). Lujan's release order required him to appear at such times as the court directed and to remain in personal contact with his attorney. He did not appear on January 10 as the court had ordered. Notice of the January 19 arraignment was mailed to Lujan and his attorney one week prior to the date set for that appearance. Both Lujan and his attorney were within the same county as the court.

Lujan's attorney actually received notice at least two or three days prior to the 19th. Although regular mail may not be the best mode of providing notice, it certainly is acceptable under the Federal Rules.[1] At the time of Lujan's forfeiture, there was already a bench warrant outstanding against him since his failure to appear on January 10. And, at the time the district court entered its order of forfeiture on February 13, Lujan had not resubmitted himself to the jurisdiction of the court. On the facts of the present case, we are convinced that the notice given to Lujan was reasonable.

The judgment of the district court ordering forfeiture is AFFIRMED.

---

1. Service on the defendant or on his attorney in a criminal case can be made in the manner provided for civil matters. Fed.R.Crim.P. 49(b). Under the Federal Rules of Civil Procedure, service can be made by regular mail. Fed.R.Civ.P. 5(b).