**UNITED STATES of America, Plaintiff,**

**v.**

**John Joseph VACCARO, Francis J. Cullinen, William K. Cushing, Sandra Vaccaro, Dorothy M. Snider, Patti Lane, Norman Alvis, Ross Durham, Paul Bond, Stephen S. LaBarbera, Michael K. Brennan, Defendants.**

**No. CR–R–84–46–ECR.**

United States District Court,
D. Nevada.

Feb. 4, 1985.

Donald Cavin Hill, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Dominic P. Gentile, Las Vegas, Nev., for John Joseph Vaccaro.

Dennis Fredrickson, Encino, Cal., and Samuel B. Francovich, Reno, Nev., for Francis J. Cullinen.

Annabelle Whiting Hall, Reno, Nev., for William K. Cushing.

Fred D. Gibson, III, Reno, for Sandra Vaccaro.

William M. O'Mara, Reno, Nev., for Dorothy M. Snider.

David Chesnoff, Las Vegas, Nev., for Patti Lane.

David Weiner, Cameron Park, Cal., and James W. Johnson, Jr., Reno, Nev., for Norman Alvis.

Laurence P. Digesti, Reno, Nev., for Ross Durham.

C. Frederick Pinkerton, Reno, Nev., for Paul Bond.

John L. Conner, Reno, Nev., for Stephen S. LaBarbera.

Fred H. Atcheson, Reno, Nev., for Michael K. Brennan.

## ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Sandra Vaccaro moves this Court to dismiss Counts I, II, IV, and XIV based on a failure to state an offense against the United States and for want of subject matter jurisdiction. Defendants Stephen LaBarbera, John Vaccaro, Paul Bond, Patti Lane, Norman Alvis, Dorothy Snider, and Michael Brennan have all joined in the motion to dismiss.

█ In support of their motion to dismiss these counts, defendants argue that 18 U.S.C. § 1952, the Travel Act, is inapplicable to cheating at gambling and was only intended to apply to illegal gambling businesses.[1] Defendants misread the statute and thus the motion to dismiss is DENIED.

The counts of the superceding indictment at issue in this motion all charge violations of 18 U.S.C. § 1952(a)(3) and 2. The counts allege various instances of a business enterprise conducted to cheat at gambling in violation of the gambling laws of Nevada, specifically, NRS 465.070, 465.080, 465.-083.[2] The named defendants are charged

---

1. Defendants also urge this Court to dismiss the instant counts because to do otherwise would be "to protect and vindicate ... organized crime interests." *See* Defendants' Motion to Dismiss at 18. The defendants urge this Court not to protect the operators of legal gambling establishments of Nevada from those who cheat, but rather to protect those members of the public who cheat the gaming establishments of Nevada. Defendants' argument obviously has no merit.

2. The Court notes that in Count I of the superceding indictment a typographical error has been made. NRS 465.083 is typed at "463.083." It is, however, obvious that it is merely a typo-

with traveling in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and the carrying on of an unlawful activity. Specifically, the defendants are charged with illegally setting up and collecting certain jackpots in Las Vegas, Nevada, and Reno, Nevada.

■ The Travel Act, 18 U.S.C. § 1952, makes it a federal offense to travel in interstate commerce with the intent to promote or facilitate the promotion of any unlawful activity, including "any business enterprise involving gambling ... in violation of the laws of the State in which they are committed or of the United States...." 18 U.S.C. § 1952(a)(3) and (b)(1). When the unlawful activity in the indictment is the violation of state law, the commission of or the intent to commit such a violation is an element of the federal offense. *United States v. Bertman*, 686 F.2d 772, 774 (9th Cir.1982). The Government thus must allege as part of the Travel Act charge that the defendant has or could have violated the underlying state law, and the defendant may assert any relevant substantive state law defense. *Id.*

Defendants contend that the "business enterprise" requirement was included in § 1952 in order to limit the statute to prosecutions of those running illegal gambling businesses. However, as the court in *Roselli* noted, Congress did not confine the parameters of the statute in this way. *United States v. Roselli*, 432 F.2d 879, 886 (9th Cir.1970). Defendants' contention that they were merely involved in fraud or theft from the legal gaming establishments in Nevada and therefore are not a member of the "racketeers" Congress intended to reach by § 1952 is equally misplaced. *Id.*

Defendants fail to perceive the distinction between legitimate legalized gambling,

permitted in Nevada, and illegitimate or dishonest gambling, which is illegal in Nevada. The activity which defendants are charged with is illegal in Nevada. Nevada does not permit the use of wires or other devices to manipulate the slot machines. The defendants by allegedly participating in such activity and travelling interstate in furtherance of this activity have exposed themselves to the instant counts.

Defendants argue that the legislative history of § 1952 demonstrates a congressional intent aimed only at control of the operation of illegal gambling business enterprises. The legislative history, however, does not support defendants' argument.

■ As the Supreme Court noted in *Rewis v. United States*, 401 U.S. 808, 811, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971), although the legislative history of the Travel Act is limited, it does reveal that § 1952 was aimed primarily at organized crime and more specifically, at persons who reside in one State while operating or managing illegal activities located in another. Here defendants allegedly lived outside of Nevada while their business enterprise, which was aimed at illegally manipulating and collecting various jackpots, was operated in Nevada. Thus, the facts alleged in this case bring it squarely within the plain language of the Travel Act. Congress did not exclude from application of the statute the gambling laws of Nevada, nor did Congress exclude alleged cheaters from the application of the statute. The Government does not ask us to interpret the statute beyond the ordinary meaning of the language of the Travel Act as the Supreme Court was asked to do in *Rewis.* See *Rewis*, 401 U.S. at 812, 91 S.Ct. at 1059. Therefore, we look to the unambiguous words of the statute.[3]

---

graphical error. The Court notes that in the subsequent Counts it is correctly typed at 465.-083, and also that there is no NRS 463.083.

**3.** Defendants also argue that the "rule of lienity [sic] resolve[s] [this case] in favor ... for the Defendant[s]." Defendant's Motion to Dismiss at 17. That rule has no place in our analysis. The rule which requires that criminal statutes

be interpreted in favor of leniency to the accused only serves as an aid for resolving ambiguities. See *Callanan v. United States*, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); *in accord United States v. LeFaivre*, 507 F.2d 1288, 1296 (4th Cir.1974) *cert. denied* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975).

As previously noted, the Travel Act condemns interstate travel or the use of interstate facilities in the furtherance of "any business enterprise involving gambling ... offenses in violation of the laws of the State in which they are committed or of the United States...." 18 U.S.C. § 1952(b)(1). Defendants are charged with violating the gambling laws in Nevada which make it a crime to cheat the legal gaming establishments. The reference to state law is necessary to identify the type of unlawful activity in which the defendants intended to engage. *See United States v. Polizzi*, 500 F.2d 856, 869 (9th Cir.1974). Defendants are charged with violating the federal Travel Act by conduct which was a "business enterprise" that involved "gambling ... offenses" in violation of NRS 465.070,[4] NRS 465.080,[5] NRS 465.083.[6] The Travel Act on its face clearly covers the activity charged in this case.

Further support against defendants' arguments can be found by an examination of opinions from other courts faced with an indictment based on the Travel Act where the unlawful activity was illegal gambling. For example, one of the Nevada statutes defendants are charged with violating, NRS 465.070, has been specifically held to provide the basis for a § 1952 conviction. *United States v. Morris*, 532 F.2d 436, 443 (5th Cir.1976). The *Morris* court found that cheating at cards was prohibited under Nevada law and could provide predicate for a Travel Act violation.

Also, the Ninth Circuit has upheld a conviction under § 1952 for a defendant who was charged with *cheating* a gaming establishment in violation of the laws of the State of Nevada. *United States v. Garner*, 663 F.2d 834 (9th Cir.1981). Although it was not an issue discussed by the court, impliedly the court was recognizing that § 1952 does give rise to a prosecution

---

**4.** 465.070 Fraudulent acts. It is unlawful for any person:

1. To alter or misrepresent the outcome of a game or other event on which wagers have been made after the outcome is made sure but before it is revealed to the players.

2. To place a bet after acquiring knowledge, not available to all players, of the outcome of the game or other event which is the subject of the bet or to aid anyone in acquiring such knowledge for the purpose of placing a bet contingent upon that outcome.

3. To claim, collect or take, or attempt to claim, collect or take, money or anything of value in or from a gambling game, with intent to defraud, without having made a wager contingent thereon, or to claim, collect or take an amount greater than the amount won.

4. Knowingly to entice or induce another to go to any place where a gambling game is being conducted or operated in violation of the provisions of this chapter, with the intent that such other person play or participate in that gambling game.

**5.** 465.080 Unlawful use of counterfeit or unapproved chips, tokens or unlawful coins, devices; unlawful possession of devices.

1. It is unlawful for any licensee, employee or other person to use counterfeit chips in a gambling game.

2. It is unlawful for any person, in playing or using any gambling game designed to be played with, receive or be operated by chips or tokens approved by the state gaming control board or by lawful coin of the United States of America:

(a) Knowingly to use other than chips or tokens approved by the state gaming control board or lawful coin, legal tender of the United States of America, or to use coin not of the same denomination as the coin intended to be used in that gambling game; or

(b) To use any device or means to violate the provisions of this chapter.

3. It is unlawful for any person, not a duly authorized employee of a licensee acting in furtherance of his employment within such establishment, to have on his person or in his possession any device intended to be used to violate the provisions of this chapter.

4. It is unlawful for any person, not a duly authorized employee of a licensee acting in furtherance of his employment within such establishment, to have on his person or in his possession while on the premises of any licensed gaming establishment any key or device known to have been designed for the purpose of and suitable for opening, entering or affecting the operation of any gambling game, drop box or any electronic or mechanical device connected thereto, or for removing money or other contents therefrom.

5. Possession of more than one of the devices described in this section permits a rebuttable inference that the possessor intended to use them for cheating.

**6.** 465.083 Cheating Prohibited. It is unlawful for any person, whether he is an owner or employee of or a player in an establishment, to cheat at any gambling game.

against gambling cheats, not just those who run illegal gambling enterprises.

Finally, in *Roselli,* the court refused to accept the conclusion (which defendants urge this Court to reach) "that illegal cheating incidental to lawful gambling is not within section 1952." 432 F.2d at 888.

Defendants are charged with organizing and participating in an enterprise which violates the anti-cheating statutes of Nevada. As such the allegations are clearly "gambling offenses ... in violation of the laws of the State" and are thus punishable under 18 U.S.C. § 1952(a)(3). This activity falls squarely within the conduct which under § 1952 is a violation of federal law.

IT IS, THEREFORE, HEREBY ORDERED that the motion to dismiss is DENIED.