**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Joseph VACCARO,
Defendant–Appellant,**

**and**

**Bell Bail Bonds,
Real–Party–In–Interest–Appellant.**

**Nos. 89–15609, 15610.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1991.

Decided April 29, 1991.

Dominic P. Gentile, Las Vegas, Nev., for defendant-appellant John Joseph Vaccaro.

Brian L. Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Stephen B. Krimel, San Diego, Calif., and H. Dale Murphy, Reno, Nev., for real-party-in-interest-appellant Bell Bail Bonds.

Before TANG, SKOPIL and THOMPSON, Circuit Judges.

---

**606**

SKOPIL, Circuit Judge:

John Joseph Vaccaro was convicted of racketeering. *United States v. Vaccaro*, 602 F.Supp. 1132 (D.Nev.1985), *aff'd*, 816 F.2d 443 (9th Cir.), *cert. denied*, 484 U.S. 928, 108 S.Ct. 295, 98 L.Ed.2d 255 (1987). The district court released Vaccaro on bail while he appealed his conviction. His release was secured by a corporate surety bond provided by Bell Bail Bonds (Bell). While Vaccaro's appeal was pending, the district court concluded that he breached a condition of his bond. Accordingly, the court ordered Vaccaro's bail forfeited pursuant to Federal Rule of Criminal Procedure 46(e)(1). Vaccaro and Bell appeal from the district court's order of forfeiture. We dismiss for lack of jurisdiction.

### DISCUSSION

■ "The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts...." 28 U.S.C. § 1291 (1988). A final decision is one that " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Cheng v. Commissioner*, 878 F.2d 306, 309 (9th Cir.1989) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). We conclude that a declaration of forfeiture under Rule 46(e)(1) is not a final decision.

■ Under Rule 46(e), a declaration of forfeiture is the first of several steps leading to actual forfeiture. After declaring a forfeiture, the district court may remit bail under Rule 46(e)(2). If the court refuses to remit bail, under Rule 46(e)(3) it may then "enter a judgment of default and execution may issue thereon." Finally, under Rule 46(e)(4), even "[a]fter entry of such judgment, the court may remit it in whole or in part...." Thus, until the district court enters a judgment against Vaccaro and Bell and refuses to remit bail under Rule 46(e)(2) or (e)(4), the forfeiture order is not a final decision. Indeed, here the district court obviously contemplated further pro-

---

ceedings regarding the forfeited bail by noting that its "declaration of forfeiture is made without abridging the right of the surety to move to set aside or remit the forfeiture, consistent with Fed.R.Crim.P. 46(e)(2) and (4)." *United States v. Vaccaro*, 719 F.Supp. 1510, 1519 (D.Nev.1989).

Our analysis is in accord with *United States v. Ryan*, 580 F.2d 151 (5th Cir.1978). There, the district court refused to remit bail pursuant to Rule 46(e)(2) and the bond company appealed. The circuit court concluded that it lacked jurisdiction because the district court had not rendered a final decision. *Id.* at 152. The court reasoned that there could not be a final decision until the district court entered a judgment pursuant to Rule 46(e)(3). *Id.* Finally, the court rejected the argument that the order appealed from is an interlocutory order appealable under 28 U.S.C. § 1292(a) (1988). *Id.* We agree with the Fifth Circuit's reasoning and accordingly dismiss this appeal.

DISMISSED.