**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Joseph VACCARO, Defendant–**
**Appellant,**

and

**Rochelle Bell, doing business as**
**Bell Bail Bonds, Real Party**
**in Interest–Appellant.**

**Nos. 94–10021, 94–10072.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 1994.

Decided March 21, 1995.

M. Kent Kozal, Las Vegas, NV, for defendant-appellant John Vaccaro.

Stephen B. Krimel, Santa Rosa, CA, for real party in interest-appellant Rochelle Bell d/b/a Bell Bail Bonds.

Greg Addington, Asst. U.S. Atty., Reno, NV, for plaintiff-appellee U.S.

Before: SKOPIL, Senior Circuit Judge, NORRIS, and HALL, Circuit Judges.

SKOPIL, Senior Circuit Judge:

The question presented on appeal is whether a district court may order forfeiture of a bail bond after finding that defendant violated a "break no laws" condition of release. Defendant and bail bond company contend that a bond cannot be forfeited except for a defendant's failure to appear. The bond company failed to file a timely notice of appeal, and accordingly, its appeal is dismissed. We conclude that the district court properly forfeited the bond, holding defendant liable. We affirm.

## I.

John Joseph Vaccaro was convicted of racketeering. *United States v. Vaccaro,* 602 F.Supp. 1132 (D.Nev.1985), *aff'd,* 816 F.2d

443 (9th Cir.), *cert. denied,* 484 U.S. 928, 108 S.Ct. 295, 98 L.Ed.2d 255 (1987). His pre-trial release was secured by a $100,000 bond provided by Bell Bail Bonds (Bell). As a condition of his release, Vaccaro agreed that he would "not violate any local, state or federal laws or regulations."

Vaccaro violated the "break no laws" condition. Consequently, the district court ordered the bail bond forfeited. *United States v. Vaccaro,* 719 F.Supp. 1510, 1521 (D.Nev. 1989). Both Vaccaro and Bell appealed. We dismissed those appeals, however, and remanded to allow the district court to enter judgment. *United States v. Vaccaro,* 931 F.2d 605, 606 (9th Cir.1991). On remand, the district court entered judgment holding Vaccaro and Bell jointly and severally liable.

Bell and Vaccaro timely filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, contending that neither should be held liable for the amount of the bond. The district court denied the motion. Vaccaro timely appealed. Bell's notice of appeal was not timely filed.

### II.

■ Enforcement of a bond forfeiture, although arising from a prior criminal proceeding, is nevertheless a civil action. *United States v. Plechner,* 577 F.2d 596, 597 (9th Cir.1978). Thus, Bell's notice of appeal was required to be filed within sixty days of the district court's denial of the Rule 59(e) motion. *See* Fed.R.App.P. 4(a)(1). The timely filing of a notice of appeal is a jurisdictional requirement. *Vahan v. Shalala,* 30 F.3d 102, 103 (9th Cir.1994).

Bell admits that it failed to file its notice of appeal within sixty days of the district court's December 2, 1993 denial of the Rule 59(e) motion. Bell offers, however, several reasons why we should ignore or otherwise excuse the tardy filing. First, Bell suggests that the time period should be measured from December 4 (rather than December 3) or that the mailing (rather than filing) of the notice of appeal should be determinative. Both of these suggestions, however, directly conflict with Federal Rule of Appellate Procedure 4. Second, Bell contends that the late filing was due to counsel's misconstruction of the rules relating to the time periods for filing notices of appeal. Bell suggests

that a finding of "excusable neglect" or application of the "unique circumstances" doctrine is therefore warranted. We conclude that neither form of relief is available to Bell.

■ A district court may "upon a showing of excusable neglect or good cause" extend the time for filing a notice of appeal, but only if the party files a motion seeking the extension "not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed.R.App.P. 4(a)(5). Even if such a motion could now be entertained, we have held that "[i]nadvertence or mistake of counsel … does not constitute excusable neglect." *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1411 (9th Cir.1986).

■ The unique circumstances doctrine is a limited exception that allows an appellate court to exercise jurisdiction over an appeal that was not timely filed. *United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F.2d 1265, 1267 (9th Cir.1985). The exception is reserved, however, for situations, "[w]here the district court itself suggests that the time for appeal has been extended or tolled, and a party acts in reasonable reliance upon that suggestion." *Barry v. Bowen,* 825 F.2d 1324, 1329 (9th Cir.1987). There is no such claim in this case. Bell's notice of appeal was not timely. Accordingly, we do not have jurisdiction, and we must dismiss Bell's appeal. *See Vahan,* 30 F.3d at 103.

### III.

■ Federal courts are authorized by Federal Rule of Criminal Procedure 46(e)(1) to order forfeiture of a bail bond upon a breach of a condition of release. *See United States v. Abernathy,* 757 F.2d 1012, 1014 (9th Cir.), *cert. denied,* 474 U.S. 854, 106 S.Ct. 156, 88 L.Ed.2d 129 (1985). Vaccaro argues that the authority granted by Rule 46(e)(1) has been implicitly overruled by the Bail Reform Act of 1984. Specifically, he argues that the Bail Reform Act establishes the sanctions that a court may impose for violations of a release agreement and the penalties for a defendant's failure to appear. *See* 18 U.S.C. §§ 3148(a), 3146(d). The district court rejected Vaccaro's argument. *Vaccaro,* 719 F.Supp. at 1513–14. *See also United*

States v. Dunn, 781 F.2d 447, 449–50 & n. 10 (5th Cir.1986) ("The Bail Bond Reform Act was never intended to supplant remedies available pursuant to Rule 46.").

We agree with the district court that the forfeiture provisions of Rule 46(e) were not implicitly repealed by the Bail Reform Act. Such repeals are disfavored and should not be inferred unless there is clear and manifest congressional intent, or if in fact there is an irreconcilable conflict. Rembold v. Pacific First Federal Savings, 798 F.2d 1307, 1310 (9th Cir.1986), cert. denied, 482 U.S. 905, 107 S.Ct. 2480, 96 L.Ed.2d 373 (1987).

The legislative history of the Bail Reform Act does not offer even a hint that Congress intended to limit the district court's power under Rule 46(e) to fashion conditions of release and to impose forfeiture if those conditions are not satisfied. Section 3148(a) was intended to add to the court's arsenal of sanctions by providing for revocation of release, detention, and contempt. These powers were added to meet the criticism that there were not adequate sanctions for violation of release conditions. See Senate Report No. 98–225, 98th Cong., 2d Sess., reprinted in 1984 U.S.C.C.A.N. 3182, 3217. Any argument that Congress intended to make these new remedies exclusive flies in the face of the expressed legislative intent to add new sanctions.

Similarly, we find no indication that Congress intended section 3146(d) to supersede the authority provided by Rule 46(e). Section 3146(d) provides that when "a person fails to appear before a court as required, and the person executed an appearance bond ... the judicial officer may, regardless of whether the person has been charged with an offense under this section, declare [the bond] forfeited." Congress explained that section 3146(d) "simply emphasizes" that a court may order forfeiture of a bond for bailjumping and "makes it clear that such forfeiture may be ordered irrespective of whether the person has been charged with the offense of bailjumping." Id.

■ There is also no irreconcilable conflict between the Bail Reform Act and Rule 46(e). Section 3148(a) provides for sanctions against the defendant; Rule 46(e) provides for sanctions against the bond or posted security. Section 3146 codifies the offense of bailjumping and provides stringent penalties; it was not unreasonable for Congress to limit the statute's application to the serious breach of nonappearance. "This limitation, however, does not necessarily preclude imposition of less stringent penalties, such as forfeiture, for less serious violations of Rule 46[e] restrictions." Dunn, 781 F.2d at 450 n. 9. (internal quotation omitted). We agree with the Fifth Circuit that "there is no conflict between Rule 46[e] and the Bail Reform Act; the Rule and the Act are complementary and form a unified system in dealing with pretrial release." Id. (internal quotation omitted); see also Morton v. Mancari, 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974) ("[W]hen two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.") Finally, we agree with the district court that the fact that Rule 46(e)(1) was not amended in conjunction with the Bail Reform Act "is an indication of the continued viability of the 46(e)(1) forfeiture sanction." Vaccaro, 719 F.Supp. at 1514 n. 2.

## IV.

■ Vaccaro nevertheless contends that Rule 46(e)(1) forfeiture should be limited to the breach of nonappearance. We agree that generally "[t]he purpose of a bail bond is to insure that the accused will reappear at a given time." United States v. Toro, 981 F.2d 1045, 1049 (9th Cir.1992) (internal quotation omitted). We do not agree, however, that forfeiture is limited only to situations where defendants fail to appear. Various courts have held that forfeiture of bail bond is appropriate for violations of other conditions of release. See, e.g., United States v. Terrell, 983 F.2d 653, 656 (5th Cir.1993) (violation of travel and drug possession condition); Dunn, 781 F.2d at 451–52 (violation of travel restrictions); United States v. Stanley, 601 F.2d 380, 382 (9th Cir.1979) (per curiam) (violation of travel restrictions); United States v. Nolan, 564 F.2d 376, 378 (10th Cir.1977) (per curiam) (violation of travel and appearance conditions). Moreover, courts have specifi-

cally upheld forfeiture for violation of "break no laws" conditions. *See United States v. Santiago,* 826 F.2d 499, 505 (7th Cir.1987); *Nebraska v. Hernandez,* 1 Neb.App. 830, 511 N.W.2d 535, 538 (1993) (citing cases).

We do agree with Vaccaro that forfeiture is appropriate for violation of a release condition only if the parties have agreed to the condition. "A bail bond is a contract between the government and the defendant and his surety." *Plechner,* 577 F.2d at 598. "The language of the bond contract is strictly construed in accordance with the terms contained therein." *United States v. Lujan,* 589 F.2d 436, 438 (9th Cir. 1978), *cert. denied,* 442 U.S. 919, 99 S.Ct. 2842, 61 L.Ed.2d 287 (1979). Thus, forfeiture would not be appropriate for breach of a condition imposed by the court without notice. *See United States v. LePicard,* 723 F.2d 663, 665–66 (9th Cir.1984) (reversing judgment of forfeiture for breach of a "break no laws" condition imposed on defendant after the bond was posted). *See also United States v. Miller,* 539 F.2d 445, 447 (5th Cir. 1976) (per curiam) ("[S]urety ... may not be held liable for any greater undertaking than he has agreed to.").

The district court here carefully examined the language of the bond and documents incorporated by reference. *Vaccaro,* 719 F.Supp. at 1517. The bond, signed by Vaccaro, states: "If the defendant appears as ordered and otherwise obeys and performs the *foregoing conditions* of this bond, then this bond is to be void.... Forfeiture of the bond for *any breach of its conditions* may be declared by any United States District Court ... as provided by Federal Rules of Criminal Procedure." *Id.* (emphasis added). Immediately following the forfeiture clause is an incorporation clause typed in all capital letters that are larger than those in the forfeiture clause. The incorporation clause states: **"SEE, ALSO, ORDER SPECIFYING METHODS AND CONDITIONS OF RELEASE ATTACHED HERETO AND MADE A PART HEREOF."** *Id.* The attached order, also signed by Vaccaro, contains the "break no laws" condition. *Id.* Finally, an attached document entitled "NOTICE TO SURETY" provides that bail could

be forfeited if defendant violates "*any* conditions of release." *Id.* at 1518 (emphasis in original).

We disagree with Vaccaro that these provisions are ambiguous. Reading the documents as a whole, and giving a reasonable interpretation to each clause, we conclude that Vaccaro should have understood that his release was conditioned on his good behavior, and that bail could be forfeited if he violated any law while free on bail. There is no need to invoke the general rule that courts resolve ambiguities against the drafter. *See Timms v. United States,* 678 F.2d 831, 834 n. 2 (9th Cir.), *cert. denied,* 459 U.S. 1086, 103 S.Ct. 569, 74 L.Ed.2d 932 (1982). The rule is "not to be invoked simply to reach a result favoring the party who did not draft the agreement." *Lippo v. Mobil Oil Corp.,* 776 F.2d 706, 714 n. 15 (7th Cir.1985).

### V.

Finally, Vaccaro contends that the district court erred by holding him jointly and severally liable for the bond amount. We reject this contention. The bond is a contract between the government and defendant, and should be "strictly construed in accordance with the terms contained therein." *Lujan,* 589 F.2d at 438. The terms of the agreement clearly specified that Vaccaro could be held personally liable for the amount of the bond if conditions of release were violated and if the bond was declared forfeited.

### CONCLUSION

Bell's notice of appeal was not timely, and accordingly, Bell's appeal is dismissed for lack of appellate jurisdiction. The district court did not err by ordering the bail bond forfeited for Vaccaro's violation of the "break no laws" condition of release. Vaccaro was properly held jointly and severally liable for the amount of the bond.

The appeal in No. 94–10072 is **DISMISSED.** The appeal in No. 94–10021 is **AFFIRMED.**