**UNITED STATES of America**

v.

**Vincent GIGANTE.**

**No. 90 CR 0368.**

United States District Court,
E.D. New York.

March 27, 1996.

Zachary W. Carter, U.S. Attorney (Andrew Weissmann, Asst. U.S. Atty., of counsel), Brooklyn, NY, for plaintiff.

Slotnick & Shapiro, LLP, Richard W. Levitt, New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Defendant Vincent Gigante and the proposed sureties of a bail modification approved by this court seek reconsideration of the court's imposition of a bail condition requiring the sureties to forfeit collateral of approximately $1 million if Gigante commits a crime during his release. The court set bail in that amount to assure Gigante's appearance in court when required.

Rule 46(e)(1) provides that "[i]f there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." This language embraces breaches of any condition of release. But Gigante and the sureties say that the Bail Reform Act of 1984 (the Act), 18 U.S.C. § 3141 *et seq.,* implicitly repealed this broad authority. They argue that the court may forfeit property held to secure bail only for a defendant's failure to appear before it and not for the violation of other bail conditions.

Circuit Courts of Appeals in two circuits have rejected this argument and held that the Act did not supersede Rule 46(e). *See United States v. Vaccaro,* 51 F.3d 189 (9th Cir.1995); *United States v. Dunn,* 781 F.2d 447 (5th Cir.1986). Other courts have implicitly taken the same position. *See United States v. Dudley,* 62 F.3d 1275, 1278 (10th Cir.1995) (under Rule 46(e)(1), "a breach of

*any* condition of a bond is grounds for forfeiture") (emphasis added); *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir.1991) ("We see no reason why ... an agreement [to forfeit $4 million if defendant violates any condition of release] should not be valid."); *United States v. Santiago*, 826 F.2d 499 (7th Cir.1987) (upholding forfeiture of pledged property because defendant committed crime during release). *See also* 8B *Moore's Federal Practice* ¶ 46.10[1] n. 1 ("Forfeiture of bond under Rule 46(e) is an appropriate sanction for violation of any condition of release, whether the condition is appearance or non-appearance related.")

*United States v. Vaccaro* expressly considered the legislative history of the Act and specifically the Senate Report. *See* 51 F.3d at 192. But Gigante and the sureties say that these authorities did not adequately focus on that history or on a supposed practical conflict between the Act and Rule 46(e). They note a statement in the Senate Report that "[e]xcept for financial conditions that can be utilized only to assure appearance, any of the discretionary conditions listed in subsection (c)(2) may be imposed either to assure appearance or to assure community safety." S.Rep. No. 98–225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.C.C.A.N. 3182, 3196. They also cite the statement that the use of financial conditions of release "is specifically limited to the purpose of assuring the appearance of the defendant." *Id.* at 3198.

These statements do not show an intent to limit the courts' powers under Rule 46(e). They simply reflect Congress' concern that courts should use excessively high bail to obtain preventive detention. Before passage of the Act, courts could not detain defendants prior to trial on the ground that they were dangerous to the community. As a result, some courts detained dangerous defendants by imposing bail that they could not post. Having provided alternative grounds for pretrial detention, Congress sought to end this practice by stating plainly that in setting bail courts may only consider the risk of flight.

This court considered only the risk of flight when it set the amount of the bail.

Read in its entirety, the legislative history reveals that the manifest purpose of the Act was to "give the courts adequate authority to make release decisions that give appropriate recognition to the danger that a person may pose to others if released." *Id.* at 3185. Congress enacted 18 U.S.C. § 3148, allowing courts to impose a variety of sanctions for breach of release conditions, because it felt that existing sanctions were inadequate. *See id.* at 3217. It therefore seems unlikely that Congress intended this provision to supplant, rather than supplement, the existing sanctions.

Gigante and the sureties also say that there is an irreconcilable conflict between Rule 46(e) and 18 U.S.C. § 3146. They note that Rule 46(e)(1) provides that the court "shall" declare a forfeiture of the bail upon breach of a condition, while § 3146(d) provides that a court "may" declare forfeiture if the defendant does not appear. Thus, they say that unless repealed by implication, Rule 46(e) would deprive courts of the discretion granted by § 3146.

The remainder of Rule 46(e) renders this conflict illusory. Although subsection (e)(1) says the court "shall" declare forfeiture upon the breach of any condition, subsection (e)(2) allows the court to set aside that forfeiture "in whole or in part" upon such conditions as the court may impose or if it otherwise appears that "justice does not require the forfeiture." Because Rule 46(e)(2) gives the court discretion to set aside a forfeiture, Rule 46(e)(1) does not conflict with § 3146.

Gigante and the sureties also argue that even if it has not been repealed by implication, Rule 46(e) applies only to bail during trial. Rule 46(a) provides that "[e]ligibility for release prior to trial shall be in accordance with 18 U.S.C. §§ 3142 and 3144." From this statement, they conclude that Rule 46 does not apply to pre-trial release. Rule 46(a) refers only to eligibility for release and does not purport to state that 18 U.S.C. §§ 3142 and 3144 provide an exhaustive list of the sanctions for breaching conditions of pre-trial release. On the contrary, the plain language of Rule 46(e) makes clear that it applies to any breach of a condition of

release, whether it occurs before, during, or after trial.

The court agrees with the holdings of the Fifth and Ninth Circuits that "there is no conflict between Rule 46[e] and the Bail Reform Act; the Rule and the Act are complementary and form a unified system dealing with pretrial release." *Vaccaro, supra,* 51 F.3d at 192 (quoting *Dunn, supra,* 781 F.2d at 450 n. 9). Like the Ninth Circuit, the court finds the fact that Rule 46(e)(1) was not amended in conjunction with the Act an "indication of [its] continued viability." *Vaccaro, supra,* 51 F.3d at 192.

■ Gigante and the sureties also say that the condition of release currently exposes them to the likelihood of forfeiture merely upon the issuance of a superseding indictment. They say that if Gigante is charged with participating in a conspiracy, then crimes committed after the bond is signed by other members of that conspiracy might lead to the forfeiture of his bail even though Gigante has committed no further act in furtherance of the alleged conspiracy.

The court agrees that the sureties should not lose their collateral through the subsequent actions of third parties. Although they presumably have some persuasive effect on Gigante, they may not have a similar effect on others. For this reason, Gigante will be released on the condition that the sureties will forfeit their collateral if he commits a federal, state, or local crime during his release. But membership in a conspiracy will not be grounds for forfeiture unless Gigante also commits some act in furtherance of the conspiracy after the posting of bail.

The sureties may have until 4 p.m. Friday, March 29, 1996 to sign a bond and post collateral in accordance with this memorandum and order. If they decline to do so, the court will entertain an application to detain Gigante.

So ordered.