**UNITED STATES of America, Appellee,**

v.

**Vincent GIGANTE, Defendant–Appellant,**

**Andrew Gigante, et al., Sureties–Appellants.**

**No. 2006, Docket 96–1234.**

United States Court of Appeals, Second Circuit.

Argued April 26, 1996.

Decided May 30, 1996.

Richard Ware Levitt, New York City (Barry I. Slotnick, Slotnick & Shapiro, LLP, New York City, of counsel), for Appellants.

Andrew Weissmann, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY (Zachary W. Carter, United States Attorney, David C. James, Assistant United States Attorney, Brooklyn, NY, of counsel), for Appellee.

Before: VAN GRAAFEILAND and MAHONEY, Circuit Judges, and CARTER,* District Judge.

PER CURIAM:

■ Defendant-appellant Vincent Gigante and his sureties (collectively "Appellants") appeal from an order entered April 8, 1996 in the United States District Court for the Eastern District of New York, Eugene H. Nickerson, *Judge,* that denied reconsideration of the district court's imposition of a bail condition requiring the forfeiture of bail collateral if defendant-appellant Vincent Gigante commits a federal, state, or local crime while released on bail. Gigante, who is charged with various offenses relating to his alleged role as the boss of the Genovese organized crime family, is awaiting the outcome of a hearing on his competence to stand trial. Although Gigante had originally been released on personal recognizance, the district court in March 1996 modified the conditions of Gigante's release, ordering him to post a $1,000,000 appearance bond, which is secured by the family homes of the sureties (Gigante's three children and their spouses), and subjecting his release to the additional condition that he not commit a crime. Appellants argue on appeal that the district court lacks the authority to order the forfeiture of their bond and collateral if Gigante commits a crime while released on bail.

■ The parties disagree over whether Appellants' challenge to the forfeitability of their bond and collateral is ripe for review. While a challenge to the imposition of a condition of release is immediately appealable, *see* 18 U.S.C. § 3145(c); *United States*

---

* The Honorable Robert L. Carter, of the United States District Court for the Southern District of New York, sitting by designation.

*v. Zuccaro*, 645 F.2d 104, 105 (2d Cir.) (per curiam), *cert. denied*, 454 U.S. 823, 102 S.Ct. 110, 70 L.Ed.2d 96 (1981), a challenge to a threatened sanction is premature if that sanction has not yet been finally imposed, *see United States v. Amiel*, 995 F.2d 367, 370 (2d Cir.1993); *United States v. Vaccaro*, 931 F.2d 605, 606 (9th Cir.1991); *American Druggists Ins. Co. v. Bogart*, 707 F.2d 1229, 1235 n. 5 (11th Cir.1983); *United States v. Ryan*, 580 F.2d 151, 152 (5th Cir.1978) (per curiam).

In its order, the district court characterized the potential forfeiture of Appellants' bond as a "condition" of Gigante's release, stating that: "Gigante will be released on the condition that the sureties will forfeit their collateral if he commits a federal, state, or local crime during his release." *United States v. Gigante*, 166 F.R.D. 3, 6 (E.D.N.Y. 1996). The appearance bond itself, on the other hand, provides that: "The bail will be forfeited if any of the . . . special conditions of release or any of the other conditions specified in the bond are violated." The appearance bond, standing alone, might well be read as stating a future event upon whose occurrence forfeiture would ensue pursuant to Rule 46 of the Federal Rules of Criminal Procedure,[1] thus rendering the appeal premature. However, we will accept the district court's assessment of its order as stating a present (and therefore appealable) condition, and proceed to the merits.

Rule 46(e)(1) explicitly authorizes forfeiture of bail for "breach of condition of a bond." Appellants argue that this authorization was implicitly narrowed by the enactment of 18 U.S.C. § 3142(c)(1)(B)(xi), which authorizes as a condition of bail that the person released "execute an agreement to forfeit [property] upon failing to appear as required," and 18 U.S.C. § 3142(c)(1)(B)(xii),

which authorizes the condition that "solvent sureties . . . agree[ ] to forfeit [property] to assure appearance of the person [released] as required." Based upon these provisions, Appellants contend that property which secures a bail bond may be forfeited only upon the defendant's failure to appear.

 Section 3142(c)(1)(B)(xiv) authorizes, however, the imposition of *"any other condition* that is reasonably necessary to assure the appearance of the person as required *and to assure the safety of any other person and the community." Id.* (emphasis added). Reading all of the foregoing provisions together, we conclude, in accord with the First, Fifth, Seventh, Ninth, and Tenth Circuits and substantially for the reasons stated in Judge Nickerson's memorandum and order, *see Gigante*, 166 F.R.D. at 3–6, that a bail bond and its collateral may be forfeited not only for the defendant's failure to appear, but also for other violations of bond conditions, including the defendant's commission of a crime, *see United States v. Dudley*, 62 F.3d 1275, 1277–78 (10th Cir.1995); *United States v. Vaccaro*, 51 F.3d 189, 191–92 (9th Cir. 1995); *United States v. Patriarca*, 948 F.2d 789, 793–94 & n. 3 (1st Cir.1991); *United States v. Santiago*, 826 F.2d 499, 506–07 (7th Cir.1987); *United States v. Dunn*, 781 F.2d 447, 449–50 & n. 9 (5th Cir.1986).

We accordingly affirm the order of the district court.

---

1. Rule 46 provides in pertinent part:

   (a) **Release Prior to Trial.** Eligibility for release prior to trial shall be in accordance with 18 U.S.C. §§ 3142 and 3144.

   . . . .

   (e) **Forfeiture.**

   (1) **Declaration.** If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

   (2) **Setting Aside.** The court may direct that a forfeiture be set aside in whole or in part,

   upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into the custody of the court or if it otherwise appears that justice does not require the forfeiture.

   (3) **Enforcement.** When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. . . .