114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory S. BREBNER, Defendant,
and
American Bankers Insurance Company of Florida, Surety, Real
Party in Interest, Claimant-Appellant.
 No. 96-30236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided May 29, 1997.
 
 Before: LAY,* BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 American Bankers Insurance Company of Florida (American Bankers) appeals the district court's grant of bail forfeiture and default judgment for the United States, and denial of its motion for exoneration or to set aside the forfeiture or remit the bond. We affirm.
 
 
 3
 After being indicted on various cocaine distribution charges, Gregory S. Brebner was ordered released by the district court subject to certain conditions. Brebner was prohibited from the use or possession of controlled substances and subjected to regular urinalysis, and he was required to post a $35,000 corporate surety bond contingent on satisfaction of the district court's conditions, which American Bankers provided. Brebner conditionally pled guilty on multiple counts, was sentenced, and was ordered released pending appeal. The previous conditions of release were incorporated in the order of release pending appeal and a requirement of random urinalysis was added. After two of Brebner's urinalysis tests were positive for the presence of cocaine and Brebner admitted to cocaine use at a hearing, the district court revoked the order of release. The district court later granted the United States' motion for declaration of bail forfeiture based on Brebner's violation of a condition of his release.
 
 
 4
 The language of the bail bond contract supports the district court's holding that the bond covered the period of Brebner's release pending appeal. The district court correctly found that this was a "continuing bond" issued for the criminal case against Brebner which did not conclude until he began serving his sentence. See United States v. Gonware, 415 F.2d 82, 84 (9th Cir.1969). In denying the surety's motion under Federal Rule of Criminal Procedure 46(e) to either set aside or remit the bond, the district court did not abuse its discretion. The district court did not err in declaring bail forfeiture for breach of a condition other than nonappearance by the criminal defendant. United States v. Vaccaro, 51 F.3d 189, 191-92 (9th Cir.1995); see also Fed.R.Crim.P. 46(e).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3