Marie A. STARR, Plaintiff–Appellant,

v.

CITY OF ANGELS CAMP; et al., Defendants–Appellees.

No. 03–17102.

D.C. No. CV–03–05098–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

Marie A. Starr, Angels Camp, CA, pro se.

Byron A. Gregerson, Thayer Harvey Hodder & Gregerson, Modesto, CA, for Defendants–Appellees.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM**

Marie A. Starr appeals pro se the district court's judgment dismissing her 42 U.S.C. § 1983 action arising out of property redevelopment efforts. We dismiss in part, and affirm in part.

■ Because Starr filed her notice of appeal of the district court's September 2, 2003 order dismissing her action for failure

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to state a claim over one month after entry of judgment, we lack jurisdiction over that portion of the appeal. *See* Fed. R.App. P. 4(a)(1) (in civil cases the notice of appeal must be filed within thirty days after entry of judgment); *United States v. Vaccaro,* 51 F.3d 189, 191 (9th Cir.1995) (the timely filing of a notice of appeal is a jurisdictional requirement).

 To the extent that Starr's opening brief is construed as an appeal of the district court's October 8, 2003 order denying her motion for reconsideration, we have jurisdiction pursuant to 28 U.S.C. § 1291. *See Smith v. Barry,* 502 U.S. 244, 245, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (permitting opening brief to serve as notice of appeal). We review for abuse of discretion, *United States v. Nutri-cology, Inc.,* 982 F.2d 394, 397 (9th Cir.1992), and conclude that the district court did not abuse its discretion in denying the motion because Starr did not demonstrate mistake, new information, or any other legitimate basis for relief. *See* Fed.R.Civ.P. 60(b); *Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1463 (9th Cir.1992).

**DISMISSED in part; AFFIRMED in part.**