NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARGARET ANN NALLEY,

Plaintiff-Appellant,

v.

VALEANT PHARMACEUTICALS
NORTH AMERICA, a Delaware
corporation; VALEANT
PHARMACEUTICALS
INTERNATIONAL, a Delaware
corporation,

Defendants-Appellees.

No.   18-15038

D.C. No. 3:16-cv-03835-EDL

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding**

Submitted December 17, 2018***

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Margaret Ann Nalley appeals pro se from the district court's order denying her motion for an extension of time to file a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc). We affirm.

The district court did not abuse its discretion by denying Nalley's untimely motion for an extension of time to file a notice of appeal because Nalley failed to demonstrate good cause or excusable neglect. *See* Fed. R. App. P. 4(a)(5)(A) (the district court may extend time for filing notice of appeal upon showing of good cause or excusable neglect); *Pincay*, 389 F.3d at 858-60 (discussing excusable neglect and explaining that this court must affirm unless there is a definite and firm conviction that the district court committed a clear error of judgment); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure.").

The district court also considered Nalley's untimely motion for an extension of time as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). The district court did not abuse its discretion by denying Nalley's motion because Nalley, who was represented by counsel at summary judgment, failed to show that she did not receive notice of the entry of

18-15038

judgment. *See* Fed. R. App. P. 4(a)(6); *Nunley v. City of Los Angeles*, 52 F.3d 792, 794-96 (9th Cir. 1995) (standard of review; the movant bears the burden of proving non-receipt of the entry of judgment).

We reject as unsupported by the record Nalley's contentions concerning bias of the magistrate judge.

In light of our disposition, we lack jurisdiction to consider Nalley's contentions regarding the district court's summary judgment and the merits of her claims. *See* Fed. R. App. P. 4(a)(1)(A) (in civil cases a notice of appeal must be filed within thirty days after entry of the judgment); *United States v. Vaccaro*, 51 F.3d 189, 191 (9th Cir. 1995) (the timely filing of a notice of appeal is a jurisdictional requirement).

**AFFIRMED.**

18-15038