**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INDIEZONE, INC., | No. 21-15344 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-04280-VC |
| CONOR FENNELLY; DOUGLAS RICHARD DOLLINGER, | MEMORANDUM[*] |
| Appellants, | |
| and | |
| EOBUY, LIMITED, | |
| Plaintiff, | |
| v. | |
| JOE ROGNESS; TODD ROOKE, | |
| Defendants-Appellees, | |
| and | |
| PHIL HAZEL; et al., | |
| Defendants. | |

| | |
|---|---|
| INDIEZONE, INC., | No. 21-16338 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|                                          | D.C. No. 3:13-cv-04280-VC |
| Plaintiff-Appellant, | |
| CONOR FENNELLY; DOUGLAS RICHARD DOLLINGER, | |
| Appellants, | |
| and | |
| EOBUY, LIMITED, | |
| Plaintiff, | |
| v. | |
| JOE ROGNESS; et al., | |
| Defendants-Appellees. | |

Appeals from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted May 16, 2023[**]

Before:    GRABER, MILLER, and VANDYKE, Circuit Judges.

Appellants Indiezone, Inc., Conor Fennelly and Douglas Richard Dollinger appeal from the district court's post-judgment orders denying their motions for an extension of time to file a notice of appeal and to reopen their case. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion.

---

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (denial of a motion under Fed. R. Civ. P. 60(b)); *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc) (denial of an extension of time to file a notice of appeal). We affirm.

The district court did not abuse its discretion by denying appellants' motion for an extension of time to file a notice of appeal because appellants failed to demonstrate good cause or excusable neglect. *See* Fed. R. App. P. 4(a)(5)(A) (the district court may extend time for filing notice of appeal upon showing of good cause or excusable neglect); *Pincay*, 389 F.3d at 858-60 (discussing excusable neglect and explaining that this court must affirm unless there is a definite and firm conviction that the district court committed a clear error of judgment).

The district court did not abuse its discretion by denying appellants' motion under Rule 60(b)(6) because appellants failed to demonstrate a change in the controlling law that would justify reopening the final judgment. *See Henson*, 943 F.3d at 443-44 (9th Cir. 2019) ("A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstance justifying the reopening of a final judgment[.]" (citation and internal quotation marks omitted)).

We lack jurisdiction to consider appellants' contentions regarding the district court's November 23, 2020 order denying appellants' motions to recuse and for relief from judgment. *See* Fed. R. App. P. 4(a)(1)(A) (in civil cases a notice of

appeal must be filed within thirty days after entry of the judgment); *United States v. Vaccaro*, 51 F.3d 189, 191 (9th Cir. 1995) (the timely filing of a notice of appeal is a jurisdictional requirement).

We reject as unsupported by the record appellants' contentions that they were denied due process by the district court and that the district court was biased against them.

**AFFIRMED.**